**John J. CABRERA, Plaintiff and Appellant,**

**v.**

**Ralphine COTTRELL, aka Ralphine Kennel, et al., Defendant and Respondent.**

**No. 18726.**

Supreme Court of Utah.

Jan. 8, 1985.

D. Kendall Perkins, Salt Lake City, for plaintiff and appellant.

Kent M. Kasting, Salt Lake City, for defendant and respondent.

STEWART, Justice.

This is an appeal from a judgment awarding attorneys fees for professional services rendered in the successful defense of an appeal arising out of an action to enforce a uniform real estate contract. In *Cabrera v. Cottrell*, Utah, No. 17218 (filed February 16, 1982) (unpublished), we remanded this case for the trial court to award reasonable "attorney's fees and costs incurred in defending this appeal," pursuant to *Management Services Corp. v. Development Associates*, Utah, 617 P.2d 406 (1980). On remand, the district court awarded additional attorneys fees and costs in the amount of $10,906.06. The present appeal is from that judgment.

Appellant claims that the trial court erred in awarding attorneys fees for work related to post-trial motions, preparation of findings of fact and conclusions of law, and an order and judgment, in addition to fees incurred defending the case on appeal.[1]

■ The inclusion of the attorneys fees for work done during the trial phase of the case was error for two reasons. First, our remand was solely for the purpose of determining attorneys fees incurred as a necessary part of handling the appeal. It did not permit any other fees or expenses to be awarded against the appellant.

■ Second, a party who is entitled to attorneys fees and costs and fails to ask for all of them in the trial phase of the case, or fails to adduce adequate evidence in support of a finding of reasonable attorneys fees, waives any right to claim those fees later. An award of attorneys fees must generally be made on the basis of findings of fact supported by the evidence and appropriate conclusions of law. *Bangerter v. Poulton*, Utah, 663 P.2d 100, 103 (1983). *Cf. Christensen v. Farmers Insurance Exchange*, Utah, 669 P.2d 1236, 1239 (1983); *Girard v. Appleby*, Utah, 660 P.2d 245, 247 (1983); *Hansen v. Gossett*, Utah, 590 P.2d 1258, 1261 (1979). It is not consistent with judicial economy to allow a party to apply for additional fees for trial work, whether in an independent hearing, in a separate suit, or at a hearing to determine an award of attorneys fees for necessary appellate work. Once the matter is litigated, or could have been litigated, a party may not later come into court to seek an additional award. *Cf. Church v. Meadow Springs Ranch Corp.*, Utah, 659 P.2d 1045, 1048 (1983); *Bradshaw v. Kershaw*, Utah, 627 P.2d 528, 531 (1981). Therefore, an attorney will have to estimate fees for work done on post-trial motions or ask the trial court to schedule a hearing on attorneys fees either after post-trial motions are disposed of or after the time for filing such motions has expired.

In the instant case, the trial court, after the prior remand of this case, erred in awarding the respondent additional attorneys fees for trial work when the sole issue should have been only the determination of attorneys fees for the defense of the appeal. Therefore, the fees awarded for trial work must be deducted from the attorneys fees awarded for the appeal.

Appellant also contends that the attorneys fees awarded are too high and therefore unreasonable and that respondent is entitled only to reasonable attorneys fees. Appellant claims that the award of total attorneys fees of some $19,000 in a contract dispute involving a recovery of only $11,350 is per se unreasonable.

■ Reasonable attorneys fees are not measured by what an attorney actually bills, nor is the number of hours spent on the case determinative in computing fees. In determining the reasonableness of attorneys fees, a trial judge may take into account the provision in the Code of Professional Responsibility which specifies the elements that should be considered in setting reasonable attorneys fees. Utah Code of Professional Responsibility DR 2–106.[2] A

---

1. Appellant claims that the amount attributable to the trial phase of the case amounts to $3,850.85. It is clear from the trial court's findings that fees were awarded for the trial phase, but the amount is not stated. Since we have no transcript of the hearing, we cannot determine what in fact the amount was. It will have to be determined on the remand of this matter. The reporter apparently lost the transcript of the hearing on the attorneys fees matter, and that is not, therefore, before us. The appellant might, however, have proceeded by way of an agreed statement of record on appeal pursuant to Rule 75(*o*), Utah R.Civ.P., but did not do so.

2. DR 2–106 provides:

(A) A lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee.

(B) A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee. Factors to be considered as guides in determining the reasonableness of a fee include the following:

(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal services properly.

court may consider, among other factors, the difficulty of the litigation, the efficiency of the attorneys in presenting the case, the reasonableness of the number of hours spent on the case, the fee customarily charged in the locality for similar services, the amount involved in the case and the result attained, and the expertise and experience of the attorneys involved.

■ The total amount of the attorneys fees awarded in this case cannot be said to be unreasonable just because it is greater than the amount recovered on the contract. The amount of the damages awarded in a case does not place a necessary limit on the amount of attorneys fees that can be awarded.

■ Furthermore, contrary to appellant's contention that attorneys fees should be determined on the basis of an equitable standard, attorneys fees, when awarded as allowed by law, are awarded as a matter of legal right.

■ The appellant also contends that the attorneys fees awarded were not supported by a finding of reasonableness. On a number of occasions, we have held that attorneys fees should be awarded on the basis of evidence and that findings of fact should be made which support the award. *See Bangerter v. Poulton,* Utah, 663 P.2d 100, 103 (1983); *Hal Taylor Associates v. Unionamerica, Inc.,* Utah, 657 P.2d 743, 750–51 (1982); *Paul Mueller Co. v. Cache Valley Dairy Association,* Utah, 657 P.2d 1279, 1287 (1982). In the instant case, the trial court did not enter separate findings of fact and conclusions of law, at least denominated as such. However, the order and judgment did contain findings of fact and legal conclusions, including the finding that the award was reasonable. As a matter of form, it would have been preferable for the trial court to have entered separate

findings of fact and conclusions of law in addition to the order and judgment for attorneys fees, but the order and judgment are not defective because they are combined with findings and conclusions.

■ The appellant in this matter also contends that charges for photocopies of documents, long-distance telephone charges, book fines, "and the like" were incurred in the trial of the case and were not allowable on this appeal. Since they were not presented to the trial court when trial costs were taxed, they were not properly awarded as appellate costs pursuant to our prior remittitur, apart from whether they were taxable at all.

■ Reversed and remanded to the trial court to delete all attorneys fees and costs not associated with the appeal of this matter. No attorneys fees are to be awarded on this appeal since the appellant is the prevailing party but has not sought them.

Costs to appellant.

HALL, C.J., and HOWE, DURHAM and ZIMMERMAN, JJ., concur.

---

(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
(3) The fee customarily charged in the locality for similar legal services.
(4) The amount involved and results obtained.

(5) The time limitations imposed by the client or by the circumstances.
(6) The nature and length of the professional relationship with the client.
(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
(8) Whether the fee is fixed or contingent.