TOUCHDOWN SPORTSWEAR, INC., d/b/a Coaches' Corner Sporting Goods Store, Inc., Plaintiff-Appellant, v. HICKORY POINT MALL COMPANY, Defendant-Appellee.

Fourth District   No. 4—87—0243

Opinion filed December 30, 1987.

Lowe, Moore, Susler, McNutt & Wrigley, of Decatur (William A. McNutt, Marshall A. Susler, and Susan Foley Moorehead, of counsel), for appellant.

Hull, Campbell & Robinson, of Decatur, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

Plaintiff Touchdown Sportswear, Inc., d/b/a Coaches' Corner Sporting Goods Store, Inc., a tenant, was awarded rent overpayment, interest, and costs by the circuit court of Macon County in a suit based upon the landlord's breach of its lease. The lease entitled the prevailing party to recover attorney fees. Plaintiff prayed for attorney fees in its complaint, but failed to submit evidence or reserve the issue of fees. Within 19 days of the written judgment order, plaintiff filed a petition for attorney fees, and in the alternative, plaintiff moved to reopen the proofs. The trial court found the petition for attorney fees to be untimely and denied the alternative motion to reopen the proofs. Plaintiff contends the trial court erred in denying it

leave to submit evidence for attorney fees or reopening the proofs. We reverse and remand.

This case involves a shopping center lease. Plaintiff entered into a lease with defendant Hickory Point Mall Company for space in a shopping center mall. Plaintiff moved out, but continued to pay the minimum rent as required by the lease. Without informing plaintiff, defendant leased the space to a new tenant at a rental that exceeded the rent plaintiff was paying. Plaintiff sued defendant and prevailed at trial, although judgment was not entered immediately as the case was taken under advisement for a few days before the plaintiff actually became the prevailing party. Plaintiff was then awarded the amount of overpayment, interest and costs.

In response to plaintiff's petition for attorney fees filed well within 30 days of judgment, defendant responded by contending the request for attorney fees had been waived by plaintiff's failure to present evidence on that issue during the trial.

The trial court agreed with defendant and dismissed plaintiff's request for fees. In reaching its decision the trial court relied partially on the decision of this court in *Hise v. Hull* (1983), 116 Ill. App. 3d 681, 452 N.E.2d 372. This reliance is misplaced. The *Hise* case dealt with a claim for attorney fees under section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—611), which provides for attorney fees when an opponent's pleadings are found to be untrue. While we did state in *Hise* that the claim for attorney fees under section 2—611 when asserted in a responsive pleading became part of the original action and must be resolved as part of the judgment entered, it was in the context of requiring such a claim be decided before an order became appealable. (*Hise*, 116 Ill. App. 3d at 684-85, 452 N.E.2d at 375.) There was nothing in *Hise* which indicated a petition for attorney fees could not be brought following the entry of a judgment order.

■ The granting of attorney fees has not been favored in the common law. The general rule in Illinois is that in the absence of a statute or an agreement the successful litigant in a civil action may not recover attorney fees or the ordinary expenses of litigation from his adversary. (*Saltiel v. Olsen* (1981), 85 Ill. 2d 484, 426 N.E.2d 1204.) Provisions in contracts for awards of attorney fees and costs, as is the case here, are an exception to the rule. *Abdul-Karim v. First Federal Savings & Loan Association* (1984), 101 Ill. 2d 400, 462 N.E.2d 488.

Paragraph 21 of the contract here states:

"In case suit shall be brought because of the breach of any

agreement or obligation contained in this Lease on the part of Tenant or Owner to be kept or performed, and a breach shall be established, the prevailing party shall (to the extent permitted by law) be entitled to recover all expenses incurred therefor, including reasonable attorneys' fees. Owner's and Tenant's rights and remedies shall be cumulative and may be exercised and enforced concurrently. Any right or remedy conferred upon Owner or Tenant under this Lease shall not be deemed to be exclusive of any other right or remedy it may have."

The language of the lease provides for attorney fees only to the prevailing party. By the express terms of the lease, the court must determine who is the "prevailing party." Only then can the court concern itself with attorney fees.

The question presented in the instant case is analogous to that discussed by the Supreme Court in *White v. New Hampshire Department of Employment Security* (1982), 455 U.S. 445, 71 L. Ed. 2d 325, 102 S. Ct. 1162. There the court was concerned with the timeliness of a petition for fees under the Civil Rights Attorney's Fees Awards Act of 1976 (42 U.S.C. §1988 (1982)) after a settlement which was silent as to fees. Justice Powell noted the section provided for fees only to a prevailing party. He then stated:

"Regardless of when attorney's fees are requested, the court's decision of entitlement to fees will therefore require an inquiry separate from the decision on the merits—an inquiry that cannot even commence until one party has 'prevailed.' *** [The award of attorney's fees] is uniquely separable from the cause of action to be proved at trial." 455 U.S. at 451-52, 71 L. Ed. 2d at 331, 102 S. Ct. at 1166.

■ For the sake of judicial economy, it would seem unwise to require proof of attorney fees before a party has been found to have prevailed under the contract here. While the better practice would be to reserve the issue of fees before closing the proofs, where fees were pleaded and are an entitlement to the prevailing party, the failure to reserve the issue should not bar a petition for attorney fees filed within 30 days of judgment.

Defendant's citation of a mortgage foreclosure case (*Phillips v. O'Connell* (1947), 331 Ill. App. 511, 73 N.E.2d 864) as authority that a reservation of attorney fees is necessary in order to file a post-judgment petition for fees is distinguishable. The attorney fees in a mortgage foreclosure action are considered as part of the indebtedness secured by the trust deed and, therefore, are a necessary part of the judgment. 331 Ill. App. at 534, 73 N.E.2d at 875.

We reverse the order of the circuit court dismissing plaintiff's petition for attorney fees and remand for further proceedings.

Reversed and remanded.

GREEN, P.J., and McCULLOUGH, J., concur.