**ALBERT T. SMITH COMPANY, a Utah corporation, Plaintiff,**

v.

**ALBERTSONS, INC., a Delaware corporation, Defendant.**

Civ. No. 87–C–105G.

United States District Court, D. Utah, C.D.

July 14, 1993.

---

**1300**

Peter W. Guyon, Salt Lake City, UT, Craig P. Orrock, Las Vegas, NV, for plaintiff.

Robert G. Holt, Salt Lake City, UT, for defendant.

## MEMORANDUM DECISION AND ORDER RE: ATTORNEY FEES

J. THOMAS GREENE, District Judge.

This matter came before the court on June 17, 1993 on Defendant's Motion for Award of Costs, Expenses, and Attorney Fees and For Entry of Judgment. Plaintiff was represented by Peter W. Guyon and Craig P. Orrock. Defendant was represented by Robert G. Holt. The parties filed memoranda and supporting affidavits, after which the court heard oral argument and took the matter under advisement. Now being fully advised, the court renders its Memorandum Decision and Order.

## BACKGROUND FACTS

Plaintiff brought this case alleging breach of a Lease Agreement entered into between the parties on April 11, 1962. Article 24 of the Lease Agreement contains the following provision:

> In the event of any action at law or in equity between Landlord and Tenant to enforce any of the provisions and/or rights hereunder, *the unsuccessful party to such litigation covenants and agrees to pay to the successful party all costs and expenses, including reasonable attorneys' fees, incurred therein by such successful party,* and if such successful party shall recover judgment in any such action or proceeding, such costs and expenses and attorneys' fees shall be included in and as a part of such judgment.

(emphasis added). A bench trial was held on April 17, 1989, in which the court found in favor of Plaintiff. Thereafter, on November 27, 1991, the court entered judgment, and awarded Plaintiff $94,688.00 in damages for breach of the Lease Agreement, $28,750.00 for restoration of the leased premises, and $33,401.98 in attorney fees, for a total of $156,839.98.

Defendant filed its Notice of Appeal on April 2, 1991 and retained the law firm of Kimball, Parr, Waddoups, Brown & Gee, replacing its trial counsel, Prince, Yeates & Geldzahler. In an unpublished decision, the Tenth Circuit reversed this court's judgment and remanded the case for entry of final judgment in Defendant's favor. 986 F.2d 1426. Defendant now seeks entry of that final judgment and an award of attorney fees, costs, and expenses.

## ANALYSIS

### I. ATTORNEY FEES UNDER UTAH LAW

██ In diversity cases, attorney fees are deemed to be substantive in nature, and are determined according to state law. *Bill's Coal Co. v. Board of Public Utilities,* 887 F.2d 242, 246 (10th Cir.1989). Pursuant to Utah law, Defendant, as the "successful party" under the Lease Agreement, is entitled to reasonable attorney fees, costs, and ex-

penses incurred during the litigation. *Cottonwood Mall Co. v. Sine*, 830 P.2d 266, 269 (Utah 1992). In *Sine*, the Utah Supreme Court explained the burden of a party seeking attorney fees:

> A party who requests an award of attorney fees has the burden of presenting evidence sufficient to support an award. Except in the most simple cases, the evidence should include the hours spent on the case, the hourly rate or rates charged for those hours, and the usual and customary rates for such work.

*Id.* at 268. In *Cabrera v. Cottrell*, 694 P.2d 622 (Utah 1985), the Utah Supreme Court set forth certain factors a court should consider when reviewing such a request:

> [Those factors include] the difficulty of the litigation, the efficiency of the attorneys in presenting the case, the reasonableness of the number of hours spent on the case, the fee customarily charged in the locality for similar services, the amount involved in the case and the result attained, and the expertise and experience of the attorneys involved.

*Id.* at 625.

## II. TRIAL PHASE

Defendant seeks $29,006.25 for attorney fees, and $4,010.55 for costs and expenses incurred during the trial phase of the case. Defendant also seeks $590.00 for attorney fees incurred preparing this portion of Defendant's fee application. In support of its application, Defendant has submitted the affidavit of Ronald E. Nehring of the law firm of Prince, Yeates & Geldzahler. Included with the affidavit are the hourly rates charged by Prince, Yeates attorneys in this case, and time records indicating the number of hours devoted to the case and the type of activities involved.

The amount of attorney fees, expenses, and costs sought by Defendant for the trial phase of this action, $33,606.80, is nearly identical to the stipulated amount this court actually awarded to Plaintiff at the trial level.[1]

## III. APPELLATE PHASE

■ It is well established under Utah law that contractual attorney fees agreements encompass those fees incurred by the successful party on appeal. *Management Servs. v. Development Assocs.*, 617 P.2d 406, 409 (1980). Because the issue of attorney fees was not before the Tenth Circuit on appeal, this court retains jurisdiction to award such fees. *Engel v. Teleprompter Corp.*, 732 F.2d 1238, 1242 (5th Cir.1984).

Defendant seeks $40,028.75 for attorney fees, and $4,319.17[2] for costs and expenses incurred during the appellate phase of the case. The Tenth Circuit awarded Defendant costs amounting to $687.55. In support of its application, Defendant has submitted the affidavit of Robert G. Holt of the law firm of Kimball, Parr, Waddoups, Brown & Gee, Defendant's appellate counsel. With the affidavit, Defendant has submitted a list of the hourly rates charged by Kimball, Parr attorneys, together with sufficiently detailed time records indicating how many hours those attorneys devoted to the appeal and the types of activities involved.

## IV. OVERALL FEE APPLICATION

■ In this case, factual and legal materials were fully developed at the trial level, and, ordinarily, any appeal would have utilized these materials. Under such a scenario, this court estimates that the additional cost to the client of an appeal would have ranged between $5,000 and $10,000. In this particular case, however, Defendant thought it prudent to change counsel for the appeal. This change understandably required a substantial investment in duplicative time and effort. While it may be reasonable for Defendant to use one law firm for trial and another for appeal, it is not reasonable to require Plaintiff to pay the attorney fees incurred by new appellate counsel in "getting up to speed" with the facts and issues of the

---

1. The court awarded Plaintiff $33,401.98 in the original judgment.

2. This figure includes $3,113.17 incurred by Defendant's counsel and $1,206.00 incurred directly by Defendant obtaining and maintaining the required supersedeas bond on appeal.

case. In seeking a fee award, Defendant cannot expect to be placed in a more favorable position than it would have been in if the same law firm which handled the trial had handled the appeal. In this case, Defendant's contractual obligation to pay its attorneys whatever amount was agreed upon may be quite different than what the court finds Plaintiff's obligation for attorney fees to be under the Lease Agreement.

In consideration of all of the documentation submitted and the factors set forth by the Utah Supreme Court in *Cabrera*, this court makes a general reduction as to both the trial and appellate phases of the trial in order to arrive at a more reasonable overall fee. The court finds the overall fees too large and excessive, and determines that a fee for trial plus appeal should not exceed $40,000 in attorney fees and $6,000 in costs and expenses.

Based on the foregoing, the court awards Defendant $40,000 for attorney fees and $6,000 for costs and expenses incurred in this action.[3] In the absence of a different agreement between Defendant and its trial and appellate counsel, this award of attorney fees, costs, and expenses should be divided equally between the two law firms. Accordingly, it is hereby

ORDERED that the Amended Judgment entered March 27, 1991, is vacated; it is

FURTHER ORDERED that Plaintiff's Complaint is dismissed with prejudice and upon the merits; it is

FURTHER ORDERED that Defendant is entitled to $46,000 for attorney fees, costs, and expenses incurred in this action; it is

FURTHER ORDERED that the Supersedeas and Cost Bond on Appeal entered January 22, 1990, and the Surety Rider entered December 4, 1990, is released, and the principal and surety named therein are fully discharged from all further obligations under the bond.

Counsel for Defendant is directed to prepare and lodge with the court a form of judgment consistent with this Memorandum Decision and Order, after first complying with local rule 206(b).

IT IS SO ORDERED.

---

3. The award for costs and expenses includes the $687.55 awarded as costs by the Tenth Circuit.