**MEADOWBROOK, LLC, Plaintiff and Appellee,**

v.

**Edward FLOWER and Lauretta Pelton, Defendants and Appellants.**

No. 970080.

Supreme Court of Utah.

May 19, 1998.

Vernon C. Jolly, Riverside, Cal., for plaintiff.

Russell A. Cline, Michael Crippen, Salt Lake City, for defendants.

RUSSON, Justice:

## INTRODUCTION

Defendants Edward Flower and Lauretta Pelton appeal the trial court's denial of their post-trial motion for attorney fees that they filed five days after the jury returned a verdict in their favor but before entry of final judgment. We reverse.

## BACKGROUND

The facts are undisputed for purposes of this appeal. Meadowbrook, LLC ("Meadowbrook"), which owns Meadowbrook Mobile Home Park, brought an action to evict defendants, alleging that they had failed to comply with certain mobile home park rules and that their lease should therefore be terminated. At trial, the jury found that defendants had complied with the mobile home park rules and rendered a verdict in their favor.

Under section 12 of defendants' lease and under the Utah Mobile Home Park Residency Act,[1] the prevailing party in an eviction suit such as the one brought by Meadowbrook is entitled to attorney fees. Although defendants in their answer pled for an award of costs and attorney fees for defending the lawsuit, they failed to raise their claim to, or offer evidence of, those fees during the trial. Instead, five days after trial but before entry of final judgment, defendants moved for attorney fees.[2] The trial court denied the motion, concluding that (1) defense counsel's failure to present evidence at trial as to attorney fees and counsel's failure to move the court to allow such evidence to be presented after trial resulted in a waiver of any claim to those fees, and (2) defense counsel could not move the court for attorney fees after trial unless the issue had been specifically reserved during trial.

On appeal, defendants argue that a request for attorney fees may be made for the first time by post-trial motion. Although Meadowbrook does not deny that defendants were entitled to attorney fees under the lease and under the Mobile Home Park Residency Act, Meadowbrook argues that a claim for attorney fees must be supported by evidence that is introduced at trial and that failure to present evidence of such fees during trial constitutes a waiver of all rights to claim those fees any time in the future.

## STANDARD OF REVIEW

A trial court's conclusion that a request for attorney fees is waived if not made at trial is a legal conclusion. We review a trial court's conclusions of law for correctness, granting no deference to the trial judge's legal determinations. *See State v.*

---

1. *See* Utah Code Ann. § 57–16–8.

2. Final judgment was not entered until nearly four months after the jury returned its verdict.

*Pena*, 869 P.2d 932, 936 (Utah 1994); *Society of Separationists, Inc. v. Taggart*, 862 P.2d 1339, 1341 (Utah 1993).

## ANALYSIS

The issue in this case is whether a prevailing party waives its right to attorney fees if it fails to present evidence of attorney fees or move the court during trial to allow evidence of such fees to be presented after trial.

██ The general rule in Utah is that, subject to certain exceptions, a party is entitled to attorney fees only if authorized by statute or by contract. *See Stewart v. Utah Pub. Serv. Comm'n*, 885 P.2d 759, 782 (Utah 1994); *Dixie State Bank v. Bracken*, 764 P.2d 985, 988 (Utah 1988). However, the exact deadline as to when a party must raise a claim to attorney fees or be deemed to have waived any claim to such fees is subject to debate. Both defendants and Meadowbrook rely upon *Cabrera v. Cottrell*, 694 P.2d 622 (Utah 1985). In *Cabrera*, this court held that a party who failed to request all attorney fees incurred for trial work during the "trial phase" of a case could not request such fees for the first time after the case had been remanded to the trial court for the sole purpose of determining attorney fees incurred in defending the case on appeal. *Id.* at 624. We reasoned:

> [A] party who is entitled to attorneys fees and costs and fails to ask for all of them in the *trial phase* of the case, or fails to adduce adequate evidence in support of a finding of reasonable attorneys fees, waives any right to claim those fees later.... It is not consistent with judicial economy to allow a party to apply for additional fees for trial work, whether in an independent hearing, in a separate suit, or at a hearing to determine an award of attorneys fees for necessary appellate work. Once the matter is litigated, or could have been litigated, a party may not later come into court to seek an additional award. Therefore, an attorney will have to estimate fees for work done on post-trial

motions or ask the trial court to schedule a hearing on attorneys fees either after post-trial motions are disposed of or after the time for filing such motions has expired. *Id.* at 624 (citations omitted) (emphasis added).[3]

██ Defendants argue that the "trial phase" of a case includes timely post-trial motions, while Meadowbrook argues that the "trial phase" ends with the rendering of the verdict and the dismissal of the jury. We did not clearly establish in *Cabrera* or in any other case when the "trial phase" ends. While that term may have different meanings in different contexts, the time is ripe for a clear rule with respect to the issue presented in this case. Thus, for reasons set forth below, and in the narrow context of determining when a prevailing party waives its right to attorney fees, the "trial phase" ends, not with the rendering of the jury's verdict, but with the signed entry of final judgment or order, at which time trial issues become ripe for appeal and a party may file a timely notice of appeal pursuant to the Utah Rules of Appellate Procedure.[4]

Several policy reasons support such a rule. First, in most instances, requiring all parties to present evidence of attorney fees to a jury before resting their cases would contravene judicial economy. Where a contract or statute provides for attorney fees to the prevailing party, a party does not even become entitled to such fees until the jury has determined which party has prevailed in the case. Thus, a would-be losing party who submits evidence of its attorney fees to the jury increases costs to all parties and wastes judicial time and resources. This is especially apparent in complex litigation involving multiple parties.

██ Second, the determination of reasonable attorney fees is an issue generally left to the sound discretion of the trial court, not the jury. *See Salmon v. Davis County*, 916 P.2d 890, 897 (Utah 1996) (Russon, J., dissenting); *Dixie State Bank*, 764 P.2d at 988; *see also*

3. On remand, the trial court in *Cabrera* awarded attorney fees for work related to post-trial motions, preparation of findings of fact and conclusions of law, and an order and judgment, in addition to fees incurred defending the case on appeal. 694 P.2d at 624.

4. *See* Utah R. Civ. P. 58A; Utah R.App. P. 4.

47 Am.Jur.2d *Jury* § 59 (1995); 20 C.J.S. *Costs* § 125 (1990). Because the issue of attorney fees is generally ancillary to the underlying action, a trial court's decision regarding the award of such fees normally requires an inquiry separate from the main cause of action to be proved at trial—"an inquiry that cannot even commence until one party has 'prevailed.'" *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 452, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982); *see also McGuire v. Russell Miller, Inc.*, 1 F.3d 1306, 1314 (2d Cir.1993); *Garcia v. Burlington Northern R.R.*, 818 F.2d 713, 721 (10th Cir.1987). The trial court's decision in this regard is wholly independent of the jury; therefore, the prevailing party should be entitled to move the court for attorney fees after the jury has rendered its verdict and been discharged.

Third, there must come a time of closure, or finality, in a case when a claim for attorney fees must be raised or waived. That time is the signed entry of final judgment. *See Fair Housing Advocates Ass'n v. James*, 114 Ohio App.3d 104, 682 N.E.2d 1045, 1047 (1996) (holding that party must either present evidence of attorney fees at trial or move for award of fees before court issues final judgment). Defendants urge this court to adopt the "universal rule" in other jurisdictions, which permits a timely post-trial motion for attorney fees. Some of the jurisdictions defendants cite allow motions for such fees to be filed after entry of final judgment, while others allow motions to be filed after the time for filing an appeal has expired.[5]

However, neither approach fosters the most sensible and expeditious appeals process.

To illustrate, a party who appeals the judgment on the underlying merits may also wish to appeal the attorney fee award. In jurisdictions that allow a motion for such fees to be brought after the time for filing an appeal on the original judgment has expired, the appellant would have to file a second appeal based upon the attorney fee award. Judicial economy during the appeals process would not be furthered in any way by requiring such piecemeal appeals. Moreover, a party's decision to appeal on the underlying merits may largely depend upon the size of the attorney fee award. *See T & G Aviation, Inc. v. Footh*, 792 P.2d 671, 672 (Alaska 1990) (Matthews, C.J., dissenting) (arguing that allowing party to file motion for attorney fees seventy days after entry of judgment is unreasonable and that motion should generally be brought within ten days after entry of judgment because losing party may base its decision on whether to appeal on size of adverse award of attorney fees).[6]

Similarly, in those jurisdictions which permit a motion for attorney fees to be brought within thirty days after entry of judgment (the time during which an appeal may be filed in many jurisdictions), the moving party could delay filing the motion until the time for filing an appeal has nearly expired. Thus, the appellant may have to move the court for an extension of time to appeal in order to adequately address the issue of the attorney fee award in the original appeal.[7] Or, as already mentioned, if the trial court

---

**5.** *See, e.g., T & G Aviation, Inc. v. Footh,* 792 P.2d 671, 672 (Alaska 1990) (upholding award of attorney fees where motion for such fees filed for first time seventy days after entry of judgment); *Sperry v. Bolas,* 786 P.2d 517, 518 (Colo.Ct.App. 1989) ("Since a request for attorney fees may be considered after the entry of judgment, we conclude the trial court erred in denying plaintiff's request on the ground that judgment had been entered and that, therefore, the request was made too late."); *Cheek v. McGowan Elec. Supply Co.,* 511 So.2d 977, 979 (Fla.1987) ("Therefore, we hold that proof of attorney's fees whether such fees are provided for by statute, or by contract may be presented for the first time after final judgment pursuant to a motion for attorney's fees." (citation omitted)); *Touchdown Sportswear, Inc. v. Hickory Point Mall Co.,* 165 Ill.App.3d 72, 116 Ill.Dec. 25, 518 N.E.2d 647,

648 (1987) ("[W]here fees were pleaded and are an entitlement to the prevailing party, the failure to reserve the issue should not bar a petition for attorney fees filed within 30 days of judgment."); *Farmers Ins. Exch. v. Pickering,* 104 Nev. 660, 765 P.2d 181, 182 (1988) ("Absent a specific statutory provision governing the time frame in which a party must request attorney's fees, the timeliness of such requests, we conclude, is a matter left to the discretion of the trial court.").

**6.** The Alaska Rules of Civil Procedure were amended in 1997 and now provide that a motion must be filed within ten days after the date shown on the judgment. Alaska R. Civ. P. 82(b)(4)(c).

**7.** *See* Utah R.App. P. 4(e).

cannot award attorney fees until after the time for filing the original appeal has expired, the appellant would have to file a second appeal if it decides to challenge the award. Absent a rule or statutory provision to the contrary, the rule we adopt today prevents a party from bringing a post-judgment motion for attorney fees and will generally enable an appellant to appeal all issues, including an award of attorney fees, in a single notice of appeal.[8]

Meadowbrook argues that *Girard v. Appleby,* 660 P.2d 245 (Utah 1983), does not permit a party to make a post-trial motion for attorney fees. In *Girard,* the plaintiff-lessor brought an action to declare forfeiture of a lease on the ground that the defendants had failed to obtain liability insurance coverage as required by the terms of the lease agreement. While the plaintiff's complaint contained a demand for an award of attorney fees incurred in enforcing the lease agreement, the plaintiff rested her case without presenting evidence in support of her claim for such fees. The trial court, however, reopened the case sua sponte to allow the plaintiff to submit evidence with respect to attorney fees which the plaintiff omitted at the time of trial. This court vacated and set aside the award of attorney fees, holding that a trial court has no discretion to reopen a case sua sponte. We reasoned:

> Preservation of the integrity of the adversarial system of conducting trials precludes the court from infringing upon counsel's role of advocacy. Counsel is entitled to control the presentation of evidence, and should there be a failure to present evidence on a claim at issue, it is generally viewed as a waiver of the claim.

*Id.* at 247. We further stated, "[T]he interests of justice are not enhanced when the court exceeds its role as arbiter by reaching out and deciding an issue that would otherwise be dead, it not having been litigated at the time of trial." *Id.*

We recognize that our language in *Girard* with respect to attorney fees was overly broad. Thus, for the reasons set forth above, we disavow any implication in *Girard* that a prevailing party must litigate the issue of attorney fees before resting its case or waive any claim to such fees where they are to be determined by the trial court.[9] Indeed, attorney fees are routinely established by proffer or affidavit,[10] and by evidentiary hearing when necessary.

We emphasize, however, that a prevailing party must be prepared to address the issue of attorney fees at the court's convenience. If the court directs the parties to address the issue before the close of evidence, before the rendering of the jury verdict, or at any other time the court deems appropriate, the prevailing party must comply. Therefore, our holding in this case is narrowly tailored: a prevailing party that files a motion for attorney fees before signed

8. Some statutes provide that attorney fees shall be taxed as costs. *See, e.g.,* Utah Code Ann. § 14–2–1(5) (attorney fees in action upon bond in private contract); § 14–2–2(3) (attorney fees in action for failure to obtain bond in private contract); § 34–27–1 (attorney fees in suits for wages); § 38–1–18 (attorney fees in suits enforcing mechanic's liens); § 63–56–38(5) (attorney fees in suit upon payment bond in construction contract); § 78–45f–313(2) (attorney fees in actions under uniform interstate family support act). Generally, under these statutes attorney fees may be included in a cost memorandum, which may be filed and served within five days after entry of final judgment, as prescribed by Utah Rule of Civil Procedure 54(d).

9. Parties may agree to submit the issue of attorney fees to a jury. *See First Gen. Servs. v. Perkins,* 918 P.2d 480, 483 (Utah Ct.App.1996). Moreover, in certain circumstances, attorney fees may be considered an item of consequential damages to be decided by a jury. *See Canyon Country Store v. Bracey,* 781 P.2d 414, 419–20 (Utah 1989). Our rule in this case does not apply where the issue of attorney fees is to be decided by the jury. In such circumstances, evidence of such fees must be presented to the jury according to established trial procedure.

10. *See* Utah Code of Jud. Admin. Rules 4–505 & 4–505.1; *see also IFG Leasing Co. v. Gordon,* 776 P.2d 607, 617–18 (Utah 1989) (affirming trial court's award of attorney fees which court based on affidavit because attorney's initial proffer was insufficient); *Walther v. Walther,* 709 P.2d 387, 388 (Utah 1985) (affirming attorney fee award based upon proffer not challenged by adverse party); *Muir v. Muir,* 841 P.2d 736, 742 (Utah Ct.App.1992) (holding that trial court abused discretion in reducing attorney fee award where proffered evidence of fees was adequate and entirely undisputed).

entry of final judgment or order does not waive its claim to such fees, unless otherwise provided by statute or unless it fails to comply with the court's order to address the issue at a specific time.

■ We further emphasize that prudent trial counsel should always preserve the issue of attorney fees, as well as any other issues not disposed of during trial, before resting their cases, thereby allowing the court to address the issue at the court's and the parties' convenience. Trial counsel who fail to preserve an issue, opting instead to raise the issue for the first time in a post-trial motion, simply gamble that their motion will be filed before entry of final judgment. In the case before us, defendants moved for attorney fees prior to the signed entry of final judgment; therefore, their motion was timely, even though it was filed five days after the jury rendered its verdict. While the trial court did not enter final judgment until nearly four months after the jury verdict, had it done so before counsel filed the motion for attorney fees, defendants would have waived their claim to those fees.

■ Because we hold in defendants' favor, defendants are also entitled to reasonable attorney fees incurred in this appeal. *See R & R Energies v. Mother Earth Indus., Inc.,* 936 P.2d 1068, 1081 (Utah 1997) (where party entitled to attorney fees below prevails on appeal, award of attorney fees on appeal is proper); *Management Servs. Corp. v. Development Assocs.,* 617 P.2d 406, 409 (Utah 1980) (holding that contract provision allowing for attorney fees includes those fees incurred on appeal as well as at trial).[11]

## CONCLUSION

Because defendants moved for attorney fees before signed entry of final judgment,

11. As a peripheral matter, we address an issue that relates to appellate procedure before this court. In support of their argument that under the "universal rule," requests for attorney fees made for the first time by post-trial motions are timely, defendants' brief contains a series of citations to other jurisdictions. One of those cases upon which defendants rely, *Downs v. Stockman,* 555 So.2d 867 (Fla.Dist.Ct.App.1989), was quashed by *Stockman v. Downs,* 573 So.2d 835 (Fla.1991). The Utah Rules of Appellate Proce-

they did not waive their claim to such fees. We therefore reverse the trial court's denial of defendants' motion and remand the case for the purpose of determining the reasonable attorney fees to which defendants are entitled.

HOWE, C.J., and DURHAM, Associate C.J., and STEWART and ZIMMERMAN, JJ., concur in Justice RUSSON'S opinion.

dure require that "[a]ll briefs [under rule 24] be concise, presented with accuracy ... and free from burdensome, irrelevant, immaterial or scandalous matters." Utah R.App. P. 24(j). The process of "Shepardizing" a case is fundamental to legal research and can be completed in a manner of minutes, especially when done with the aid of a computer. Though we do not consider counsel's actions to be egregious in this case, we admonish all attorneys to ensure the validity of all cases presented before this court.