IN THE

# SUPREME COURT OF THE STATE OF UTAH

WESTGATE RESORTS, LTD.,
*Appellant,*

*v.*

SHAUN S. ADEL and CONSUMER PROTECTION GROUP, LLC,
*Appellee.*

No. 20131086
Filed January 5, 2016

Fourth District, Provo Dep't
The Honorable Lynn W. Davis
No. 020404068

Attorneys:

Michael D. Zimmerman, Troy L. Booher, Noella Sudbury,
Salt Lake City, Richard W. Epstein, Michael Marder, Orlando, FL,
for appellant

L. Rich Humpherys, Karra J. Porter, Kristen C. Kiburtz,
Salt Lake City, for appellee

JUSTICE DURHAM authored the opinion of the Court, in which
CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE LEE,
and JUSTICE HIMONAS joined.

JUSTICE PARRISH sat for oral argument. However, due to her
resignation from this court, she did not participate herein.

JUSTICE DURHAM, opinion of the Court:

## INTRODUCTION

¶1     This is the second appeal arising out of a claim against
Westgate Resorts under the Utah Pattern of Unlawful Activity Act.
In the first appeal, we confirmed an arbitration panel's award of
damages against Westgate. *Westgate Resorts, Ltd. v. Consumer Prot.
Grp., LLC*, 2012 UT 56, ¶ 34, 289 P.3d 420. Westgate now challenges

another decision by the same panel, namely its award of attorney fees to Mr. Adel and Consumer Protection Group (collectively, CPG).

¶2     Westgate alleges two distinct errors in the panel's fee award. First, it argues that the arbitration panel had no authority to award attorney fees for the court proceedings that confirmed the panel's decision on the merits. Second, it argues that the arbitration panel manifestly disregarded the law by awarding attorney fees in excess of the amount the prevailing plaintiffs were actually obligated to pay their lawyers.

¶3     We agree with Westgate's first argument, but not its second. The Utah Uniform Arbitration Act does not authorize an arbitration panel to award attorney fees for court proceedings confirming the panel's own decisions, so the panel's award of fees for those proceedings is void.[1] But because the Utah Pattern of Unlawful Activity Act allows prevailing plaintiffs to recover a reasonable attorney fee—without regard to the amount the plaintiffs have actually contracted to pay—we confirm the panel's award of attorney fees expended during arbitration. We also grant CPG's request for attorney fees for this appeal.

## BACKGROUND

¶4     This litigation has now lasted more than a decade.[2] It began in 2002, when Westgate sued CPG for various alleged torts and breaches of contract. It expanded in 2005 when CPG raised counterclaims for fraud under the Utah Pattern of Unlawful Activity Act (UPUAA). The UPUAA contains a provision allowing a party to force arbitration of UPUAA fraud claims, UTAH CODE § 76-10-1605(3), and Westgate took advantage of this provision in 2008. *Westgate Resorts, Ltd. v. Consumer Prot. Grp., LLC*, 2012 UT 56, ¶ 2, 289 P.3d 420.

¶5     In 2010, the arbitration panel decided the UPUAA claims in CPG's favor. But before the arbitration panel had ruled on CPG's request for attorney fees, Westgate discovered that one of the arbitrators was the first cousin of a shareholder at the law firm representing CPG. *Id.* ¶ 1. Claiming this relationship constituted

---

[1] This opinion does not foreclose CPG's ability to raise a claim for post-arbitration attorney fees in the district court. We are not deciding this issue on the merits, however, as it has not been briefed to us.

[2] For a summary of the facts underlying the litigation, see *Westgate Resorts, Ltd. v. Consumer Protection Group, LLC*, 2012 UT 55, ¶¶ 2–5, 285 P.3d 1219.

bias, Westgate moved the district court to vacate the panel's decision. The court granted the motion, CPG appealed, and we reversed without ruling on CPG's request for attorney fees. *Id.* ¶ 34.

¶6 The case then went back to the arbitration panel, where CPG again requested attorney fees: fees for three years of litigation before Westgate compelled arbitration, fees for the arbitration proceedings themselves, and fees for the judicial proceedings that confirmed the arbitrators' decision on the merits. The panel rejected the first part of the request, declining to award fees for pre-arbitration litigation. But it granted the rest of the request and entered two separate attorney fee awards: $558,810.30 for work performed during arbitration and $88,829.50 for work in what the panel called "post-arbitration proceedings."

¶7 Westgate again moved for the district court to vacate the panel's decision, challenging the fee awards on two separate grounds. First, Westgate argued, the panel lacked authority to award attorney fees for the vacatur proceedings and appeal because the Utah Uniform Arbitration Act (UUAA) allows arbitrators to award "reasonable attorney fees" only to the extent that they are "reasonable expenses *of arbitration*." UTAH CODE § 78B-11-122(2) (emphasis added). Second, Westgate argued that the panel manifestly disregarded controlling law by awarding attorney fees in excess of the amount CPG was contractually obligated to pay its attorneys.

¶8 The district court denied Westgate's motion, and Westgate appealed.

## STANDARD OF REVIEW

¶9 When we hear an appeal from a district court's review of an arbitration award, "[t]here are two standards of review at issue": the standard of review for our review of the district court's decision, and the standard of review that district courts should apply to arbitrators' decisions. *Buzas Baseball, Inc. v. Salt Lake Trappers, Inc.*, 925 P.2d 941, 947 (Utah 1996). As to the first standard, we review the district court's interpretation of the UUAA and the UPUAA for correctness, without deference to its legal conclusions. *See Westgate Resorts, Ltd. v. Consumer Prot. Grp., LLC*, 2012 UT 56, ¶ 10, 289 P.3d 420.

¶10 As to the second standard, a district court may disturb an arbitrator's decision "only in certain narrow circumstances." *Softsolutions, Inc. v. Brigham Young Univ.*, 2000 UT 46, ¶ 10, 1 P.3d 1095 (citation omitted). Two such circumstances concern us here: a court may vacate an arbitration panel's award if the panel "exceeded

[its] authority," UTAH CODE § 78B-11-124(1)(d), or if its decision demonstrates a manifest disregard of the law. *See Pac. Dev., L.C. v. Orton*, 2001 UT 36, ¶ 7 n.3, 23 P.3d 1035. And although the "manifest disregard" doctrine derives from the "exceeded its authority" rule,[3] the two entail different standards of review.

¶11    On the one hand, "manifest disregard" is an extremely deferential standard. It allows us to vacate the panel's decision only if three conditions are fulfilled. First, the panel's decision must actually be in error. Second, the error "must have been obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator." *Buzas Baseball*, 925 P.2d at 951 (citation omitted). Third, the panel must have "appreciate[d] the existence of a clearly governing legal principle but decide[d] to ignore or pay no attention to it." *Id.* (citation omitted).

¶12    On the other hand, we see no reason to defer to the panel's construction of the UUAA sections that govern the panel's own powers. The panel's authority in this case derives from two statutes: the UPUAA, which allowed Westgate to compel arbitration, and the UUAA, which authorized the panel to award attorney fees. And where an arbitrator's authority derives entirely from statutes, we see no reason to defer to the arbitrator's interpretation of those statutes.[4] After all, "[i]t is emphatically the . . . duty of the judicial department to say what the law is," *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 177 (1803), and without de novo review of the scope of arbitrators' authority under the arbitration act, we will have difficulty fulfilling our duty to interpret that act and guide the decisions of future arbitrators.

---

[3] We acknowledge that several scholars and courts have raised concerns about the manifest disregard standard, concluding it has "turned the law into a puzzle." *See, e.g.*, Kenneth R. Davis, *The End of an Error: Replacing "Manifest Disregard" with a New Framework for Reviewing Arbitration Awards*, 60 CLEV. ST. L. REV. 87, 131 (2012). We recognize there may be issues with the standard's compatibility with the UUAA, but render no decision on the matter in this case as the parties have not asked us to abandon the standard and Westgate's challenge to the arbitration award fails even under the manifest disregard standard. *See infra* ¶¶ 23–30.

[4] We note that there may be a question regarding the constitutionality of a statute that could be read as forcing a non-consenting party into arbitration. The issue has not been raised or briefed in this case, and we therefore offer no views thereon.

**ANALYSIS**

¶13    The panel's authority to award attorney fees in this case derives from a combination of two statutes. The first, section 122 of the UUAA, provides that an "arbitrator may award reasonable attorney fees and other reasonable expenses of arbitration if the award is authorized by law in a civil action involving the same claim." UTAH CODE § 78B-11-122(2). The second is the UPUAA, which authorizes attorney fees by providing that a "party who prevails on a cause of action brought under this section recovers the cost of the suit, including reasonable attorney fees." *Id.* § 76-10-1605(2). In order for the panel's award of attorney fees to be valid, it must satisfy the requirements of each of these statutes: the attorney fees awarded must be "expenses of arbitration" as required by the UUAA, and they must be awarded in an amount and under circumstances permitted by the UPUAA.

¶14    Westgate does not dispute that the circumstances justified an attorney fee award: because CPG "prevail[ed] on a cause of action brought under" the UPUAA, the UPUAA entitles it to recover "reasonable attorney fees." *See id.* But Westgate does dispute that the fees the panel awarded for post-arbitration proceedings were "expenses of arbitration," as required by the UUAA. *See id.* § 78B-11-122(2). Further, Westgate argues that both attorney fee awards were higher than the UPUAA permits—that "reasonable attorney fees" in the UPUAA cannot be greater than the amount the prevailing plaintiff is obligated to pay its attorneys. *See id.* § 76-10-1605(2).

¶15    We address these arguments in order.

### I. THE ARBITRATION PANEL EXCEEDED ITS AUTHORITY IN AWARDING ATTORNEY FEES FOR POST-ARBITRATION PROCEEDINGS

¶16    We determine first whether, under the UUAA, "reasonable attorney fees and other reasonable expenses of arbitration" includes attorney fees for work performed in judicial proceedings reviewing an arbitration award. *See* UTAH CODE § 78B-11-122(2). We conclude that post-arbitration attorney fees are outside of the scope of section 122 of the UUAA.

¶17    The text of section 122 provides some support for our conclusion, though perhaps not enough to decide the issue entirely. The key statutory phrase "expenses of arbitration," *id.*, could plausibly be read to include either all expenses involved in obtaining and enforcing an arbitration award—the same way "the cost of a suit" would normally include the costs of appeal—or it may include only the expenses involved in presenting one's case to the arbitration

panel. But this second, narrower interpretation is supported by section 122's title: "Remedies—Fees and expenses of arbitration *proceeding.*" *Id.* § 78B-11-122 (emphasis added).

¶18    Seeking further support for the narrow interpretation, we turn to the statute's legislative history but find it unhelpful. The relevant language was passed in 2002 and was taken almost word for word from the 2000 Revised Uniform Arbitration Act. *See* 2002 Utah Laws 1573, 1578; *Uniform Arbitration Act—2000 (Last Revisions Completed Year 2000)*, 3 PEPP. DISP. RESOL. L.J. 323, 392 (2003). When we look to the comments in the uniform act, we find that they do not elaborate on the crucial phrase "expenses of arbitration." *Uniform Arbitration Act—2000, supra*, at 393–96. When we review the other jurisdictions that have adopted the uniform act—eighteen states and the District of Columbia—we find that none of their cases interpreting the statute have considered this question either.

¶19    But we do find support in another section of the Utah statute. Section 126, though it does not mention arbitrators' authority to award attorney fees, specifically gives district courts authority to award the attorney fees at issue here: "On application of a prevailing party to a contested judicial proceeding under [the sections governing confirmation, vacatur, and modification of an arbitrator's award], *the court* may add reasonable attorney fees and other reasonable expenses of litigation incurred in [such a proceeding]." UTAH CODE § 78B-11-126(3) (emphasis added).

¶20    Admittedly, this section does not say, "*only* the court may add reasonable attorney fees," and there is no reason why the legislature could not, if it chose, give the authority to award these fees both to the district court and to the arbitration panel. But we are persuaded that it has not done so. The statute appears to reflect an assumption that the judicial proceedings confirming an arbitrator's award will begin after the arbitrator's work is complete, and consequently that the arbitrator will have no opportunity to award attorney fees incurred in confirmation proceedings.[5] From this we surmise that if the legislature never imagined that arbitrators might have the opportunity to award fees for confirmation proceedings, then it had no reason to give them the authority to award such fees.

¶21    Finally, our conclusion is also supported by policy concerns that have long guided Utah's attorney fee jurisprudence.

---

[5] This seems to be the ordinary procedure, which explains why we are unable to find any cases where an arbitrator has awarded attorney fees for judicial proceedings confirming the arbitrator's own order.

The court of appeals has held repeatedly that a trial court may not award attorney fees arising from appellate proceedings unless the appellate court has explicitly directed the trial court to do so. *See Anderson v. Thompson*, 2010 UT App 359, ¶ 4, 248 P.3d 981; *Cache Cty. v. Beus*, 2005 UT App 503, ¶ 17 n.7, 128 P.3d 63; *Slattery v. Covey & Co.*, 909 P.2d 925, 929 (Utah Ct. App. 1995); *TS 1 P'ship v. Allred*, 877 P.2d 156, 160 n.2 (Utah Ct. App. 1994). As other jurisdictions have recognized, the basis for this doctrine is that the appellate court is best qualified to determine whether an award is justified:

> An appellate court is in a far better position to evaluate the worth of the appellate work than the trial judge. . . . An appellate Justice . . . develops a knowledge of the case and the value of the work of the attorney who seeks compensation. A trial judge simply cannot bring to bear this familiarity with the appellate work.

*Yorke Mgmt. v. Castro*, 546 N.E.2d 342, 344 (Mass. 1989).

¶22 The same principle applies here. The decision-makers most familiar with CPG's attorneys' work during the confirmation proceedings and resulting appeal were the courts that presided over those confirmation proceedings and resulting appeal. We think it best to assign those courts sole responsibility for granting attorney fees in those proceedings, and we therefore conclude that the panel exceeded its authority when it ordered Westgate to pay post-arbitration attorney fees.[6]

## II. THE PANEL DID NOT ACT IN MANIFEST DISREGARD OF THE LAW BY ALLOWING CPG TO COLLECT ATTORNEY FEES IN EXCESS OF THE CONTRACTED AMOUNT

¶23 Westgate does not challenge the panel's authority to award attorney fees for the arbitration proceedings. Under the UUAA, "[a]n arbitrator may award reasonable attorney fees . . . if the award is authorized by law." UTAH CODE § 78B-11-122(2). And the UPUAA clearly authorizes the award, providing that a prevailing party "recovers the cost of the suit, including reasonable attorney fees." *Id.* § 76-10-1605(2). Because the panel determined that CPG

---

[6] In so holding, we note that section 122 of the UUAA is not among the statute's nonwaivable provisions. *See* UTAH CODE § 78B-11-105 (listing nonwaivable provisions). If parties to an arbitration agreement wish to give their arbitrators authority to award attorney fees for post-arbitration proceedings, then nothing in this opinion should be construed to prevent them.

was the prevailing party, it was not merely allowed but compelled to award CPG attorney fees for the arbitration proceedings.

¶24    Instead of challenging the panel's authority to award fees for arbitration, Westgate challenges the method the panel used to calculate those fees. The panel awarded CPG what it determined to be "reasonable" attorney fees of $558,810.30, arriving at this figure by multiplying reasonable hours by a reasonable market rate. The panel slightly adjusted the fee amount to reflect some other factors it considered, but it did not limit the fees to the amount CPG had actually contracted to pay its attorneys. Westgate asserts that this was error and that Utah law required the panel to cap the attorney fees at the amount CPG contracted to pay for representation.

¶25    Because Westgate thus alleges that the panel committed an error of law—and not that it acted ultra vires—we may vacate the first fee award only if it meets the three requirements of the "manifest disregard" standard: (1) that it was an error, (2) that the error should have been obvious to the average person qualified to be an arbitrator, and (3) that the panel was actually aware of the controlling law and chose to disobey it.

¶26    We conclude that the manifest disregard requirements are not met because the panel did not make an obvious error in its interpretation of controlling law. CPG's right to attorney fees is created by the UPUAA, UTAH CODE § 76-10-1605(2), and it is therefore a question of statutory interpretation whether those fees are limited to the fees CPG actually incurred during the arbitration proceedings. Because the UPUAA does not expressly limit plaintiffs' recovery of "reasonable attorney fees" to the fees they are contractually obligated to pay, and there is no controlling Utah case law interpreting the UPUAA to require this limitation, we affirm the panel's award of attorney fees.

¶27    Westgate argues that attorney fees should be limited to those actually incurred, citing two Utah cases for this proposition— *Strohm v. ClearOne Communications, Inc.*, 2013 UT 21, ¶ 16, 308 P.3d 424, and *Softsolutions, Inc. v. Brigham Young University*, 2000 UT 46, ¶ 52, 1 P.3d 1095. But the statute involved in *Strohm* expressly limited attorney fees to incurred expenses. 2013 UT 21, ¶ 10. And *Softsolutions* involved the interpretation of a contract to determine fees. 2000 UT 46, ¶¶ 3, 41. Neither case interpreted the language of the UPUAA.

¶28    CPG also argues that these cases are distinguishable because of the purpose of the UPUAA, which is to encourage attorneys to take UPUAA cases and thereby help enforce the laws of Utah. CPG notes that the UPUAA is modeled after and almost

identical to the federal Racketeer Influenced and Corrupt Organizations Act (RICO). RICO is a federal fee-shifting statute, under which victorious plaintiffs but not victorious defendants are entitled to recover attorney fees, and plaintiffs are awarded the market value of their attorney's services regardless of the attorney's contracted rate.

¶29 Westgate disputes CPG's arguments, arguing that the UPUAA is not a fee-shifting statute like RICO because—unlike RICO—the UPUAA also provides reasonable attorney fees for prevailing defendants, making the UPUAA a "loser pays" statute instead of a fee-shifting statute.

¶30 Ultimately, because the UPUAA does not expressly limit a plaintiff's attorney fees to those actually incurred and there is no controlling Utah case law interpreting this specific question, the arbitration panel did not commit an obvious error in its calculation of reasonable attorney fees. The district court's order confirming the panel's award of $558,810.30 is affirmed.

### III. CPG'S REQUEST FOR COSTS AND ATTORNEY FEES ON APPEAL IS GRANTED

¶31 Finally, we grant CPG's request for attorney fees on this appeal. The UPUAA provides that a "party who prevails on a cause of action brought under this section recovers the cost of the suit, including reasonable attorney fees." UTAH CODE § 76-10-1605(2). CPG has prevailed on a cause of action under the UPUAA—the panel necessarily decided as much when it awarded attorney fees, and Westgate has not contested that decision. Further, "the cost of the suit, including reasonable attorney fees" plainly includes the cost of an appeal, including reasonable appellate attorney fees. CPG, however, "did not retain all of [its arbitration] victory on appeal, and some adjustment may be necessary so that [it does] not recover fees attributable to issues on which [it] did not prevail." *Valcarce v. Fitzgerald*, 961 P.2d 305, 319 (Utah 1998) (plurality opinion).

¶32 Westgate disputes this conclusion, citing *Meadowbrook, LLC v. Flower*, 959 P.2d 115, 117–19 (Utah 1998), for the proposition that a party waives its right to attorney fees if it fails to request fees before the entry of final judgment. But this misstates *Meadowbrook*, which did not concern appellate fees but merely whether trial fees could be requested by "timely post-trial motions." *Id.* at 117. Indeed, *Meadowbrook* is based on *Cabrera v. Cottrell*, 694 P.2d 622 (Utah 1985), whose holding *Meadowbrook* summarizes as follows:

> [A] party who failed to request all attorney fees incurred for trial work during the "trial phase" of a

case could not request such fees for the first time after the case had been remanded to the trial court for the sole purpose of determining *attorney fees incurred in defending the case on appeal*.

*Meadowbrook*, 959 P.2d at 117 (emphasis added). *Meadowbrook* thus explicitly recognized that a party who has waived his right to fees incurred at trial could nevertheless recover fees incurred on appeal.

¶33    Westgate's brief also claims that *Valcarce* "explain[ed] that *only* a party who received attorney fees below and prevails on appeal is entitled to fees incurred on appeal." (emphasis added). But *Valcarce* "explained" no such thing. It did hold that "when a party who received attorney fees below prevails on appeal, 'the party is also entitled to fees reasonably incurred on appeal.'" *Valcarce*, 961 P.2d at 319 (citation omitted). But the crucial word "only"—on which Westgate's entire argument hangs—does not appear in the relevant passage, and the very paragraph that Westgate cites suggests that there are other grounds on which an appellate court may award attorney fees: "This court has interpreted attorney fee statutes broadly so as to award attorney fees on appeal where a statute initially authorizes them." *Id.* (citation omitted). The UPUAA authorizes such attorney fees, and so we award them here.

## CONCLUSION

¶34    The district court's confirmation of the panel's award of $558,810.30 is affirmed. Its confirmation of the award of $88,829.50 is reversed, and the case is remanded for further proceedings consistent with this opinion. On remand, the district court shall calculate and award a reasonable attorney fee for this appeal pursuant to section 1605(2) of the UPUAA.

------