John **MUNROE** et al., Appellants,

v.

**CITY COUNCIL FOR the CITY OF ANCHORAGE** et al., Appellees.

No. 2382.

Supreme Court of Alaska.

March 30, 1976.

OPINION ON REHEARING

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR and ERWIN, JJ.

ERWIN, Justice.

The Petition for Rehearing filed by appellants is granted for the purpose of clarifying the opinion filed herein.

Appellants assert that the denial of their application for a special exception to the zoning ordinance is not moot. They contend that our dismissal of their prior appeal will collaterally estop them from arguing that the parcel of land taken by the City by eminent domain was amenable to development as a PUD. Thus appellants will not be able to establish the "highest and best use" of the property for valuation purposes in the condemnation action filed by the City of Anchorage; and thus they will be deprived of substantial sums of money and the property itself.[1]

13. *See* footnote 108, 546 P.2d page 556, Opinion #1232.

1. We also note that appellants contend the decision was not moot because of GAAB Ordinance 21.10.030(c), which provides that the initial decision on replatting is not final until a final plat is filed, accompanied by subdivision agreements with the City for installation of public utilities. Appellants assert no final plat was filed and the decision on replatting would not be final until such was done.

Appellants read the opinion too broadly. The decision of the court to dismiss the appeal herein as moot on the special facts of this case is not *res judicata*, nor does it collaterally estop appellants on the issue of the correctness of the zoning exception for a planned unit development in the condemnation case.[2]

We find the position taken in the *Restatement of Judgments*, § 69(2), applicable to the peculiar facts of this case:

> Where a party to a judgment cannot obtain the decision of an appellate court because the matter determined against him is immaterial or moot, the judgment is not conclusive against him in a subsequent action or a different cause of action.[3]

Under the peculiar facts of this case, it would be an anomaly to declare the replat was not final where the appellants actually had almost completed construction on the duplex units even though they had not received the final approval. Appellants, by their action, have accepted the decision as final.

2. The parcel of land taken by the City is too small under the applicable ordinance to be suitable, alone, for development as a PUD. The appellants are free to argue in the valuation hearing, however, that the parcel when combined with their other parcel of land was amenable to a PUD.

We also wish to correct a misstatement in the opinion on page 12. The opinion states that counsel for appellants at oral argument represented that only one of the two parcels was included in the request for replat. The statement was in fact made by counsel for appellees in an attempt to respond to a question of the court during appellants' portion of the oral argument, and this response was incorrectly attributed to appellants.

The Petition for Rehearing is granted, and the opinion is modified as set forth herein.

BURKE, J., not participating.

3. *See Grau v. Board of Zoning Appeals of Baltimore County*, 210 Md. 19, 122 A.2d 824, 826 (1956); *Lake Falls Ass'n v. Board of Zoning Appeals*, 209 Md. 561, 121 A.2d 809, 812 (1956). *See also Minor v. Lapp*, 220 Cal.App.2d 582, 33 Cal.Rptr. 864, 865 (1963); *Allegheny County v. Maryland Casualty Co.*, 146 F.2d 633, 637 (3rd Cir. 1944); *Gelpi v. Tugwell*, 123 F.2d 377, 378 (1st Cir. 1941); Annot., 157 A.L.R. 1038 (1945); Annot., 95 L.Ed. 42 (1951).