STATE of Alaska, COMMISSIONER OF the DEPARTMENT OF HEALTH AND SOCIAL SERVICES, Appellant,

v.

SEWARD MARINE SERVICES, INC., Appellee.

No. 2113.

Supreme Court of Alaska.

June 27, 1980.

As Modified on Denial of Rehearing July 29, 1980.

---

David T. LeBlond, Asst. Atty. Gen., Anchorage, and Avrum M. Gross, Atty. Gen., Juneau, for appellant.

No appearance for appellee.

## OPINION

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

PER CURIAM.

This appeal presents the question of whether costs and attorney's fees can be awarded to the plaintiff when a suit is dismissed on the grounds of mootness, having become moot because a preliminary injunction was granted to the plaintiff. We hold that the trial court does not abuse its discretion in awarding costs and fees in such a situation, at least where the grant of the preliminary injunction involves resolution of the merits of the case.

On May 28, 1976, the Alaska Department of Health and Social Services imposed an embargo upon a quantity of herring roe processed by Seward Marine Services, Inc. [hereinafter Seward Marine], and prepared for shipment. The department acted under AS 17.20.230, having found that the roe was adulterated. On June 4, Seward Marine filed a complaint and an application for a preliminary injunction against the department. It alleged that the roe was intended solely for export to Japan and hence was not within the department's jurisdiction, because the federal government has exclusive jurisdiction over foreign commerce under the United States Constitution. The state opposed the injunction. Nevertheless, it was issued, the trial judge stating: "It has been shown that the product for shipping is intended for foreign export, and the State of Alaska is without jurisdiction over foreign export." The roe at issue was then shipped to Japan. Because this lot of roe was the only one embargoed, Seward Marine never moved for a hearing to obtain a permanent injunction.

In March, 1977, the state suggested to Seward Marine that the case be dismissed, with each party bearing its own costs. Seward Marine's attorney agreed that the case was moot, but said he had no authority to stipulate to a dismissal without recovery of costs. He asked the state to make a "reasonable offer" concerning costs that he could pass on to his client. No response to this letter appears in the record.

In March, 1979, the state moved to dismiss the case for lack of prosecution, under Civil Rule 41(e).[1] Seward Marine responded with a motion for costs and $1,500 in attorney's fees. Over the state's opposition, the trial court, while dismissing the action as moot, awarded Seward Marine $350.00 in fees and $155.40 in costs. The state has appealed from this judgment.

 The trial judge has broad discretion in connection with the grant or denial of costs and fees, *see, e.g., Adoption of V.M.C.*, 528 P.2d 788, 795 (Alaska 1974), as well as with the determination of the prevailing party, *Continental Insurance Co. v. United States Fidelity & Guaranty Co.*, 552 P.2d 1122, 1125 (Alaska 1976). It is clear from the facts discussed above that the trial judge made a decision on the merits,[2] and that that decision was adverse to the state.[3] Therefore, we cannot conclude that the judge abused his discretion in awarding costs and attorney's fees to Seward Marine.[4]

AFFIRMED.

1. Alaska R.Civ.P. 41(e) reads, in relevant part: "Actions which have been pending in a court for more than one year without any proceedings having been taken therein may be dismissed as of course, for want of prosecution, by the court on its own motion or on motion of a party to the action."

2. Not every issuance of a preliminary injunction involves resolution of the merits of a case. We held in *Alaska Public Util. Comm. v. Greater Anchorage Area Borough*, 534 P.2d 549 (Alaska 1975), that if the plaintiff faced irreparable harm and the defendant could be adequately protected, an injunction would issue merely on a showing that the plaintiff raised

" 'serious' and 'substantial' questions going to the merits of the case; that is, the issues raised cannot be 'frivolous or obviously without merit.' " [footnote omitted] *Id.* at 554.

3. We will not hear a moot case simply to determine who is the prevailing party for purposes of awarding costs. *Munroe v. City Council for the City of Anchorage*, 545 P.2d 165, 170 (Alaska 1976).

4. The state contends that the trial court erred in not granting its motion to dismiss for lack of prosecution under Civil Rule 41(e). We do not reach this issue.