Carol Ann BRUNET, Special Administratrix for the Estate of James T. Dandona, Deceased, Appellant,

v.

DRESSER OLYMPIC DIVISION OF DRESSER INDUSTRIES, INC., and Dresser Industries, Inc., Appellees.

No. 6599.

Supreme Court of Alaska.

March 11, 1983.

Gregory J. Grebe, Kelly & Luce, Anchorage, for appellant.

Olof K. Hellen and Ron Zobel, Hellen & Partnow, Anchorage, for appellees.

Before RABINOWITZ, MATTHEWS and COMPTON, JJ.

## OPINION

PER CURIAM.

Carol Ann Brunet, as representative of the estate of James T. Dandona, filed her amended complaint in this products liability case on October 25, 1977, naming seven defendants. Dresser Olympic Division of Dresser Industries, Inc. and Dresser Industries, Inc. [Dresser] were granted summary judgment and dismissed from the action on October 4, 1978. The claims against the remaining defendants were subsequently resolved by decision, stipulation or trial on or before August 3, 1981.

Dresser then moved for the entry of a final judgment in its favor. Brunet objected to the proposed judgment on the ground that it provided for an award of costs and attorney's fees. She claimed that this request was untimely and that Brunet had already disbursed all funds received from the action in reliance on Dresser's failure to request costs or fees at the time of the order of dismissal. The superior court entered judgment for Dresser on October 23,

1981, but left for future determination the exact award of fees and costs to be made.

On November 5, Dresser submitted a memorandum in support of its motion for attorney's fees, citing actual fees in the amount of $9,818.50. Brunet again objected, contending that this request was untimely. The court awarded fees in the amount of $6,000.00. Brunet appeals from this order.

### A. Timeliness

■ Brunet contends that Dresser's request for fees was untimely. Dresser responds that its motion was not untimely, because it could not request attorney's fees until after a final judgment had been entered. It contends that this is clear from the Civil Rules.[1]

■ Nothing in Civil Rules 54 or 79 precludes a party from requesting attorney's fees following the entry of an interlocutory judgment. In *Aleut Corp. v. Rogers,* 619 P.2d 472, 473 (Alaska 1980), we found no error in the superior court's award of attorney's fees on a non-final order of dismissal; we simply noted that until a final judgment is obtained the award cannot be executed upon.

■ On the other hand, there is nothing in the Civil Rules requiring a motion for attorney's fees to be filed within a limited time following a non-final adjudication on the merits. We noted, however, in *State v. University of Alaska,* 624 P.2d 807, 817 (Alaska 1981), that it "is within the discretion of the trial court to impose a time limit for the filing for attorney's fees." Absent such imposition by the trial court of a time limit for the filing for attorney's fees, we hold that the appropriate time within which a request for attorney's fees may be filed is a reasonable time after the entry of a judgment from which an appeal may be taken.[2] In this case, final judgment was entered on October 23, 1981, and the motion for attorney's fees was filed on November 5. We conclude that there was no abuse of discretion in entertaining Dresser's motion for attorney's fees.[3]

### B. Size of Award

■ Brunet does not complain about the amount of time and money spent on the case by Dresser's attorney although she does assert that the services rendered were for nothing more than "routine pretrial matters." Brunet's complaint is that the award constitutes seventy-five percent of the actual fees incurred prior to the order of dismissal, which she contends amounts to awarding substantially full attorney's fees.

The award of fees in this case was governed by Civil Rule 82(a)(1), which provides that "[s]hould no recovery be had, attorney's fees for the prevailing party may be

---

1. Alaska R.Civ.P. 54 provides, in relevant part, as follows:

   [W]hen multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all of the claims or the rights and liabilities [sic] of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

2. Neither Brunet nor Dresser requested direction of final judgment pursuant to Civil Rule 54(b) at the time summary judgment was granted. Thus, the summary judgment was "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Alaska R.Civ.P. 54(b).

3. Dresser contends that Brunet failed to state this issue in her points on appeal and we therefore should not address the issue in accordance with Appellate Rule 210(e) and *Wetzler v. Wetzler,* 570 P.2d 741, 742 (Alaska 1977). We believe a reasonable argument can be made that the issue was specified in Brunet's points on appeal, wherein she stated that "the attorney's fees awarded to Dresser ... constituted an abuse of discretion by the trial court." Furthermore, we note that Dresser is not prejudiced by our consideration of the issue, inasmuch as we have ruled in its favor.

fixed by the court in its discretion in a reasonable amount." We do not think that awarding fees in an amount of $6,000.00 from a total of $9,818.50 incurred is an award of "substantially full" compensation, nor do we see any abuse of discretion.

AFFIRMED.

BURKE, C.J., and CONNOR, J., not participating.