**T & G AVIATION, INC., an Arizona corporation, Appellant,**

v.

**Douglas FOOTH, Appellee.**

**No. S–3097.**

Supreme Court of Alaska.

June 15, 1990.

Charles E. Cole, Fairbanks, for appellant.

Steven E. Mulder, Bogle & Gates, Anchorage, for appellee.

OPINION

Before MATTHEWS, C.J., and BURKE, COMPTON and MOORE, JJ.

---

PER CURIAM.

After a thorough examination of the record, giving due regard to the particular circumstances of this case, we are not left with a definite and firm conviction that the superior court erred in ruling that Footh's request for attorney's fees, filed 70 days after entry of judgment, was filed within a "reasonable time" under this court's decisions in *State v. University of Alaska*, 624 P.2d 807, 817 (Alaska 1981) and *Brunet v. Dresser Olympic Div. of Dresser Industries*, 660 P.2d 846, 847 (Alaska 1983). Relevant in this regard is T & G's failure to demonstrate any substantial prejudice as a result of the delay.

Accordingly, we conclude that the trial court did not abuse its discretion in awarding Footh attorney's fees under Civil Rule 82. *See Betz v. Chena Hot Springs Group*, 742 P.2d 1346, 1348 (Alaska 1987); *Peter Pan Seafoods v. Stepanoff*, 650 P.2d 375, 378–79 (Alaska 1982).

The decision of the superior court is AFFIRMED.[1]

RABINOWITZ, J., not participating.

MATTHEWS, Chief Justice, dissenting.

A motion for attorney's fees must be made within a reasonable time after the entry of final judgment. *State v. University of Alaska*, 624 P.2d 807 (Alaska 1981). In *University of Alaska*, we held that attorney's fees were "not covered by the literal requirements" of Civil Rule 79, which requires a cost bill to be filed within 10 days after distribution of the judgment. We held that the trial court did not abuse its discretion by considering a motion for attorney's fees that was filed 13 days after the judgment.

While the 10–day period required by Civil Rule 79(b) does not set the outside limit of reasonableness for a motion for attorney's fees, it does serve as an indicator of what is reasonable. Similarly, there are other provisions of the civil rules requiring post-judgment motions to be made within 10 days after distribution of the judgment. Civil Rule 52(b) [motion to amend or make additional findings]; Civil Rule 59(b) [motion for a new trial]; Civil Rule 59(f) [motion to alter or amend judgment].

Ten days generally is sufficient time in which to prepare a motion for attorney's fees. It is important that a motion for attorney's fees be made reasonably promptly after judgment because the losing party may base his decision on whether to appeal on the merits on the size of the adverse award of attorney's fees.[1] Since the decision on whether to appeal on the merits must be made within 30 days after distribution of the judgment, Appellate Rule 204(a)(1), a motion for attorney's fees should be made at a time soon enough after judgment so that the motion may be ruled upon before the 30 days in which an appeal may be taken has expired.

In any case, in the absence of a persuasive explanation for further delay, I would treat 30 days after distribution of the judgment as the outside limit of reasonableness for the purposes of making a motion for attorney's fees. The adverse party would then at least have notice that an award of attorney's fees was sought and of the amount of the claim. He could use this information in deciding whether a notice of appeal on the merits should be filed.

I can see no standard under which the 70–day delay in this case might be regarded as reasonable. Thus I would reverse the award of attorney's fees.

---

1. The question of an express deadline for the filing of requests for attorney's fees has been referred to the court's standing committee on Civil Rules for study.

1. We have recognized that a merit appeal may be pursued where the objective is to obtain a reversal of an award of attorney's fees. *Lam-oureaux v. Totem Ocean Trailer Exp. Inc.*, 651 P.2d 839 (Alaska 1982), *overruling State*, *Comm'r of Dept. of Health v. Seward Marine Serv., Inc.*, 612 P.2d 1010, 1012 n. 3 (Alaska 1980); *Munroe v. City Council of Anchorage*, 545 P.2d 165, 170 (Alaska 1976), *modified*, 547 P.2d 839 (Alaska 1976).