**Kurt M. LeDOUX and Gabrielle LeDoux, Appellants,**

v.

**KODIAK ISLAND BOROUGH, Appellee.**

No. S-3997.

Supreme Court of Alaska.

March 20, 1992.

Kurt M. LeDoux, LeDoux and LeDoux, Kodiak, for appellants.

Joel H. Bolger, Jamin, Ebell, Bolger & Gentry, Kodiak, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

**PER CURIAM**

### I. INTRODUCTION

Appellee, Kodiak Island Borough (Borough), sued the LeDouxs to enjoin them from using their property as a professional office building in violation of the Borough's minimum parking regulations. The trial court granted the Borough's summary judgment motion. The LeDouxs appeal. We affirm.

### II. FACTS

Joel and Carol Davis owned property in Kodiak. The property was zoned for multi-family residential use. The LeDouxs wanted to buy the property and use it as a combination law office and apartment. In October 1987, the Davises applied for a zoning variance to use the property as a professional office and upstairs apartment. The Borough accepted the variance application subject to submittal of a parking plan.[1] The LeDouxs provided the Borough with a parking plan that included eight off-street parking spaces on the property. In November 1987, the Borough approved the variance. In December 1987, the LeDouxs bought the property from the Davises. The LeDouxs have never provided the off-street parking.

In May 1989, the Borough sued the Le-Douxs to enjoin them from using the property as a professional office building. In July 1989, the Borough moved for summary judgment. In November 1989, the LeDouxs applied to the Borough for an alternative parking location variance. In

---

**1.** KIBC 17.57.020 requires professional office buildings to provide one parking space for each 300 square feet of gross floor area and requires single-family dwellings to provide two parking spaces for each unit.

December 1989, the Borough denied the LeDouxs' alternative parking location variance application. The LeDouxs moved to stay the Borough's injunction action pending administrative and judicial review of the LeDouxs' application for alternative parking. On January 12, 1990, the trial court implicitly denied the LeDouxs' motion to stay by granting the Borough's summary judgment motion. However, the trial court's order allows the LeDouxs to continue using the property as a professional office building pending a final decision on the LeDouxs' application for an alternative parking variance.

The trial court also awarded $3,350 in Civil Rule 82 attorney's fees to the Borough. The Borough expended $4,547.50 in attorney's fees. The LeDouxs appeal both the trial court's grant of summary judgment and award of attorney's fees.

## III. DISCUSSION

### A. *Did the trial court err in granting the remedy of an injunction?*

The LeDouxs argue a court can only grant an injunction if two requirements are satisfied: 1) there is no adequate remedy at law; and 2) harm will result if the injunction is not granted. The LeDouxs argue that the trial court improperly granted the injunction because in the present case neither requirement is satisfied. As for the first requirement, the LeDouxs argue their administrative attempt to seek alternative parking approval is an adequate remedy at law. As for the second requirement, the LeDouxs argue there is no harm to the public because the LeDouxs park their cars in a parking lot across the street from their office.

 The Borough cites AS 29.40.190(a) which provides that "[a]n action to enjoin a [zoning] violation may be brought notwithstanding the availability of any other remedy." The Borough argues since the statute authorizes an injunction, the Borough is not required to show harm or the lack of an adequate legal remedy.

As noted above, AS 29.40.190(a) authorizes injunctive relief. "Where a statute specifically authorizes injunctive relief, the plaintiff need not show either irreparable injury or lack of an adequate remedy at law." *Carroll v. El Dorado Estates Div. No. 2 Ass'n, Inc.,* 680 P.2d 1158, 1160 (Alaska 1984). Therefore, the Borough did not need to show harm or the lack of an adequate legal remedy. The trial court was correct in granting the remedy of an injunction.

### B. *Did the Borough represent to the LeDouxs that it is practicable to build a parking lot on the LeDouxs' property?*

The LeDouxs appear to make an estoppel argument. They argue that they bought the property in reliance on the Borough's finding that it is practicable to build a parking lot on the property. They claim that it is in fact impracticable to build the parking lot. They insist that they should not suffer for the Borough's errors.

The Borough responds that there is no evidence in the record that the Borough represented it is practicable to build a parking lot.

The LeDouxs reply that the Borough implicitly represented to the LeDouxs that building the parking lot is practicable by approving the LeDouxs' variance application. Specifically, the LeDouxs argue that the Borough's statutory duty to investigate their variance application includes a duty to determine whether building the parking lot is practicable.[2] The LeDouxs argue that by approving the variance, the Borough implicitly represented to the LeDouxs that it is practicable to build a parking lot. The LeDouxs do not cite to any cases to support this theory.

 Estoppel consists of three general elements: 1) a representation; 2) reasonable reliance on that representation; and 3)

---

**2.** KIBC 17.66.030 requires the Borough to investigate variance requests. The LeDouxs' variance request included a parking plan.

resulting prejudice. *Municipality of Anchorage v. Higgins,* 754 P.2d 745, 748 n. 11 (Alaska 1988). In the present case, the Borough cannot be estopped from enforcing its zoning regulations because it never *represented* that it is practicable to build a parking lot on the LeDouxs' property.

The LeDouxs' property was originally zoned for noncommercial use. The Borough's variance only allowed the LeDouxs to use their property for commercial purposes.[3] The variance did not exempt the LeDouxs from the off-street parking regulation. In fact, the Borough made it clear to the LeDouxs that they would have to adhere to the parking regulations by requiring the LeDouxs to submit a parking plan. In our view, the Borough's requirement and acceptance of a parking lot plan is not a representation that the parking lot can be built. The LeDouxs' position would place a heavy and unwarranted burden on municipalities. It would require municipalities to examine the feasibility of every variance proposal or lose the ability to enforce its zoning laws.

### C. *Was the award of attorney's fees justified?*

The LeDouxs argue "[t]he award of $3,350.00 in attorney's fees on a requested award of $4,547.50 was unjustified and excessive." The LeDouxs argue the award is unjustified because the Borough is not the prevailing party. The LeDouxs explain "[the Borough] was denied an outright injunction, and the LeDouxs were at least allowed an opportunity to seek alternative parking." The LeDouxs argue the award is excessive because they did not act in bad faith.

The Borough argues the trial court did not abuse its discretion in determining that it was the prevailing party because, inter alia, the Borough "won a judgment which requires [the LeDouxs] to provide off-street parking." The Borough argues that the trial court did not abuse its discretion in awarding the amount of attorney's fees because its award of approximately seventy-four percent of the Borough's actual attorney's fees is well within the range of the trial court's discretion. ·

Alaska Civil Rule 82 authorizes the trial court to award attorney's fees to the prevailing party. The prevailing party for the purpose of an award of attorney's fees is the party who prevails on the main issues of the case. *Demoski v. New,* 737 P.2d 780, 787 n. 7 (Alaska 1987). The determination of the prevailing party rests in the discretion of the trial court. *Buoy v. ERA Helicopters, Inc.,* 771 P.2d 439, 448 (Alaska 1989). In the present case, the trial court did not abuse this discretion.

The Borough sued to enjoin the LeDouxs from violating zoning regulations. The trial court granted this injunction. Thus, the trial court had a reasonable basis for ruling that the Borough is the prevailing party.

Rule 82 further provides, "[i]n actions where the money judgment is not an accurate criterion for determining the fee to be allowed to the prevailing side, the court shall award a fee commensurate with the amount and value of legal services rendered." This award rests in the discretion of the trial court. *Thorstenson v. ARCO Alaska, Inc.,* 780 P.2d 371, 376 (Alaska 1989).

In the present case, the trial court awarded approximately seventy-four percent of the Borough's legal expenses. In other cases, we have affirmed trial court awards of sixty to eighty percent of the full attorney's fees incurred. *E.g., Bovee v. LaSage,* 664 P.2d 160, 165 (Alaska 1983) (trial court awarded $5,000 which approximated seventy percent of the total fees); *Brunet v. Dresser Olympic Div. of Dresser, Ind.,* 660 P.2d 846, 848 (Alaska 1983) (trial court awarded $6,000 which approximated sixty-one percent of the total fees); *Hausam v. Wodrich,* 574 P.2d 805, 811 (Alaska 1978) (trial court awarded $9,680 which approximated eighty-six percent of

---

**3.** The purpose of a variance is to relax zoning requirements in special circumstances. KIBC 17.66.010. Variances grant relief "from the literal import and strict application of zoning regulations." 101A C.J.S. *Zoning and Land Planning* § 229 at 654 (1979).

the total fees). The present award, approximating seventy-four percent of the total fees, is consistent with these cases and thus is not an abuse of discretion.

## IV. CONCLUSION

The judgment is AFFIRMED.