David J. NAPOLSKI, Plaintiff,

v.

Laura M. DAVIS, Defendant.

Civil Action No. 97C–05–258–J.

Superior Court of Delaware,
New Castle County.

Submitted: Feb. 25, 1999.
Decided: March 17, 1999.

Joseph J. Rhoades and W. Christopher Componovo, of Law Office of Joseph J. Rhoades, Wilmington, for plaintiff.

Dennis D. Ferri, of Dennis D. Ferri, P.A., Wilmington, for defendant.

## OPINION

HERLIHY, Judge.

Plaintiff David J. Napolski moves to reargue this Court's February 16, 1999

1. Superior Court Civil Rule 68.

2. Del.Super., C.A.No. 95C–06–104, Cooch, J.

bench ruling denying his motion for costs incurred in taking the trial depositions of two experts. The dispute over these costs arises because the depositions were taken prior to an offer of judgment being served and because Napolski accepted that offer resulting in no trial being held.

In October, Napolski had noticed the trial depositions of Drs. William Atkins and Daniel Black. The Court held a pre-trial conference in this case on December 4, 1998. Dr. Black's deposition was taken on December 16, 1998 and Dr. Atkins' on January 11, 1999. On January 13, 1999, defendant Laura M. Davis served an offer of judgment on Napolski and the acceptance of that offer was filed on January 22, 1999. The trial was scheduled to start January 25, 1999.

In his motion for reargument, Napolski focuses on a phrase in Superior Court Rule 68 which covers offer of judgment. Specifically, he refers to "costs incurred." That language appears in the Rule in the sentence, "[i]f the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after making the offer."[1] In citing to this language, Napolski relies upon *Bejger v. Shreeve*[2] which held a prevailing defendant who had incurred deposition costs prior to making a Rule 68 offer of judgment could not recover those costs.

There are several distinguishing characteristics between *Bejger* and this case. First, there was a trial. Second, the depositions in *Bejger* were introduced into evidence at trial. Unlike *Bejger*, where the plaintiff recovered less than the offer of judgment, the offer in this case was accepted. The sentence from Rule 68 upon which Napolski relies does not address liability for costs incurred either before or after the offer of judgment is made where the offer is accepted.

Rule 68 is not without a solution to the issue posed in this case. As Rule 68 re-

(May 7, 1997).

quires, Davis' offer of judgment offered a specific sum to be taken in judgment against him, "together with costs accrued to date."[3] In other words, this was a lump sum offer to settle the case, including accrued costs. There was no differentiation between certain dollars for damages and certain dollars for costs. Under these circumstances, Napolski's acceptance included costs he had so far incurred thus preventing him from seeking the fees he now seeks.[4]

Additionally, if Rule 68, and what it does not explicitly say, is read in conjunction with Rule 54(f) and (h)[5], it is even clearer that Napolski is unable to recover the costs of the trial depositions of Drs. Black and Atkins. Both subsections of Rule 54 speak to depositions "introduced into evidence." Neither of these depositions were introduced into evidence there being, of course, no trial.[6] Napolski, in effect, argues that "introduced into evidence" is mere technicality because these depositions were trial depositions. To accept that proposition is to render "introduced into evidence" meaningless and to take away an advantage which can be obtained by going to trial and getting a favorable result. The United States Supreme Court's comments on Federal Rule 68, after which this Court's rule is patterned, are instructive:

> The purpose of Rule 68 is to encourage the settlement of litigation. In all litigation, the adverse consequences of potential defeat provide both parties with an incentive to settle in advance of trial. Rule 68 provides an additional inducement to settle in those cases in which there is a strong probability that the plaintiff will obtain a judgment but the amount of recovery is uncertain. Because prevailing plaintiffs presumptively will obtain costs under Rule 54(d), Rule 68 imposes a special burden on the plaintiff to whom a formal settlement offer is made. If a plaintiff rejects a Rule 68 settlement offer, he will lose some of the benefits of victory if his recovery is less than the offer.[7]

Napolski echoes the statement that the purpose of Rule 68 is to encourage settlements. He seems to argue, however, that such encouragement can be enhanced by allowing him to take all of Davis' offer and designate it as a damages-only sum while allowing him to make an additional claim for these kind of expenses. The Court is sympathetic to the expenses incurred, but the purpose of Rule 68 will not be advanced if his argument were accepted. The reverse would be true.

Further, the difficult, multi-faceted weighing process of accepting or rejecting an offer of judgment often includes the very factor at issue here. Does a plaintiff have a sufficient enough chance of obtaining a more favorable verdict which opens the door to recovering these kind of costs or is the risk of a less-favorable verdict too high? Obviously, the amount of the offer plays a large role as does plaintiff's counsel's evaluation of the case, including risks of trial. A ridiculously low offer may make the decision easy. A higher offer

---

3. Davis Offer of Judgment (January 13, 1999).

4. Wright, Miller & Marcus, *Federal Practice and Procedure* 2d § 3005.1.

5. (f) *Court Reporter fees.* If at any time during the progress of an action it appears to the Court that the amount claimed is exorbitant so that the opposite party is put to unnecessary expense in giving bond, or if any party unnecessarily swells the record or otherwise causes unnecessary expense, the court may, in its discretion, order such unnecessary expense to be taxed against the party causing the same, without regard to the outcome of the action.

(g) *Witness fees.* Witness fees for those testifying on deposition shall be the same as statutory witness fees for testifying in court and such fees shall be taxable as costs if the deposition is introduced into evidence.

6. Compare *Nygaard v. Lucchesi*, Del.Super., 654 A.2d 410 (1994).

7. *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981).

makes the choice more exquisite. As the United States Supreme Court stated:

> To be sure, application of Rule 68 will require plaintiffs to "think very hard" about whether continued litigation is worthwhile; that is precisely what Rule 68 contemplates.[8]

The Court is not insensitive to the burgeoning costs of litigation, including expert witness fees, costs of trial video depositions, etc. But, all of that goes into the mix of the case, its resolution or method of resolution, *i.e.*, settlement or trial. In this situation, in sum, neither Rule 68 nor Rule 54 permit the plaintiff to recover these costs.

### CONCLUSION

For the reasons stated herein, the motion of plaintiff David J. Napolski for reargument is **DENIED**.

**IT IS SO ORDERED**.

---

8. *Marek v. Chesny*, 473 U.S. 1, 11, 105 S.Ct. 3012, 3017, 87 L.Ed.2d 1, 10 (1985).