# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

KENNETH & CLASINA DREISBACH )
 )
**Plaintiffs** )
 )
   v.  )  **C.A. No. N12C-09-121 MJB**
 )
**ROBERT T. &** )
**MARTINA L. WALTON** )
 )
**Defendants** )


Submitted: October 8, 2014
Decided: October 27, 2014


*Upon Plaintiffs' Motion for Costs and Attorney's Fees,* **GRANTED** in part, **DENIED** in part.

*Upon Defendants' Motion for Attorney's Fees,* **DENIED**.

## OPINION


Donald L. Gouge, Esquire, Donald L. Gouge, Jr., LLC, 800 King Street, Suite 303, P.O. Box 1674, Wilmington, Delaware 19899, *Attorneys for Plaintiffs*.


Bayard J. Snyder, Esquire, Snyder & Associates, P.A. Attorneys at Law, 3801 Kennett Pike Suite 201, Building C, Wilmington, Delaware 19807, *Attorney for Defendants*.


**BRADY, J.**

1

## I. INTRODUCTION

The underlying cause of action in this case concerns a sale of real property. Kenneth and Clasina Dreisbach ("Plaintiffs") bought a home (the "Property') from Robert and Martina Walton ("Defendants") in 2008. Shortly after the sale, Plaintiffs discovered that several answers on the Seller's Disclosure were incorrect, and Property required reconstruction. Plaintiff's filed suit alleging breach of contract, fraud and misrepresentation, negligent fraud, and violation of the covenant of good faith and fair dealing. A bench trial was held beginning on April 14, 2014, and the Court found for Plaintiffs in the amount of $1,375 on the basis of breach of the implied covenant of good faith and fair dealing.

On September 5, 2014, Plaintiffs filed a timely Motion for Costs and Attorney's fees. The Motion is opposed by Defendants, who filed a timely Response on September 12, 2014. Defendants also countermoved for Defendants' attorney's fees. The Court permitted Plaintiffs to file a brief reply to Defendants' Response. Plaintiffs submitted the reply on September 25, 2014. The Court subsequently granted Defendants' request to file an additional brief reply. On October 8, 2014, Defendants submitted the additional reply, and the Court took the matter under consideration. For the reasons set forth below, Plaintiffs' Motion is **GRANTED** in part and **DENIED** in part. Defendants' Motion is **DENIED**.

## II. FACTS AND PROCEDURAL BACKGROUND

Because there are multiple motions for costs, and because the Court found both for and against the Plaintiff as to the many, various claims made, some recitation of the underlying facts ir required.

2

In 2009, Plaintiffs began house hunting for a new residence. Plaintiffs eventually settled on subject Property, which was owned by Defendants. Before buying the home, Plaintiffs hired a home inspector and learned that the roof needed to be replaced.[1] Plaintiffs negotiated a credit of $8,500 to replace the roof.[2] However, aside from the roof's needing to be replaced, Plaintiffs did not learn of any other defects prior to the sale.

Defendant Martina Walton ("Mrs. Walton") filled out the Seller's Disclosure form. As later came to light, Mrs. Walton answered several questions on the form incorrectly.[3] First, Mrs. Walton represented that there were no violations of New Castle County code on Property, and that permits for structural changes to the home had been appropriately secured.[4] In fact, as Plaintiffs discovered after the sale was complete, permits for work done in finishing the basement had never been issued, and the basement was not in compliance with NCC code.[5]

Second, Mrs. Walton answered "no" to the question of whether there were any plumbing additions and "na" for whether a licensed contractor was used for these additions.[6] Mrs. Walton also represented that all of the electrical work had been done by a licensed contractor.[7] In fact, Defendants had hired a contractor in 2003 to finish the basement, which included installing a kitchenette and full bathroom, which involved extensive plumbing additions.[8] Defendants' contractor turned out not to be licensed in New Castle County.[9]

---

[1] Trial Transcript ("TT") at 77:16-18.
[2] TT at 83:22-23; 84:1.
[3] TT at 99:5-11.
[4] Joint Trial Exhibit ("JTE") 9, Seller's Disclosure.
[5] TT at 67:4-8; TT at 6:1-4.
[6] JTE 9, Seller's Disclosure.
[7] JTE 9, Seller's Disclosure.
[8] TT at 111: 7-19.
[9] TT at 33:2-6.

3

Finally, Mrs. Walton answered "no" to the question of whether that had been any past leaks.[10] The questions about roof repairs were left blank.[11] In fact, in 2005, Defendants' son-in-law had discovered some possible mold near the soffit when he was insulating the attic.[12] Because of what their son-in-law found, Defendants hired a roofing company to inspect their roof. The roofing company found signs of water leakage in the attic and chimney.[13] Defendants had the roofing company remove, replace, and repair the damaged area.[14]

Upon discovery of the defects with the home in 2010, Plaintiffs hired a contractor to fix the problems and bring the house up to code.[15] In 2012, Plaintiffs filed the instant suit seeking $20,956.50 in damages for the construction work that had been performed to fix the problems with the house. Plaintiffs alleged causes of action for breach of contract, fraud and misrepresentation, negligent fraud, and breach of the implied covenant of good faith and fair dealing. Plaintiffs alleged that Mrs. Walton knew or should have known of the inaccuracies in the Seller's Disclosure form, and that Mrs. Walton negligently or intentionally misled Plaintiffs about the condition of Property.[16] Plaintiffs also alleged that Defendants failed to disclose that: (1) that Property had been rented, (2) that Defendants filed an insurance claim on that address in March of 2008, and (3) the issues with the roof.[17]

At the end of trial, Plaintiffs withdrew their claim for damages relating to the roof because an $8,500 credit for same had been made when the property was purchased.[18] The Court found that Plaintiffs failed to prove, by a preponderance of the evidence, that the 2008

---

[10] JTE 9, Seller's Disclosure.
[11] JTE 9, Seller's Disclosure.
[12] TT at 108:22-23; 109: 1-4.
[13] JTE 13, Lane Roofing Contract.
[14] JTE 13, Lane Roofing Contract.
[15] TT at 8-11.
[16] Complaint at 3-4.
[17] Complaint at 2.
[18] TT at 137.

insurance claim was related to subject Property. The Court also found that Plaintiffs failed to prove that Property was rented during Defendants' ownership.

The issues concerning the construction defects in the home itself were more complex. The Court found no breach of contract related to the fact that the basement was finished by an unlicensed contractor and that the contractor failed to secure the proper permits. The Court found that Plaintiffs failed to prove that Defendants knew or should have known about these defects, or that Defendants had acted in bad faith to conceal them.

Concerning the charges of fraud, intentional misrepresentation, and negligent representation, the Court also found for the Defendants on the grounds that Plaintiffs had not demonstrated the necessary element of reliance. The Court did, however, find a violation of the implied covenant of good faith and fair dealing with respect to Mrs. Walton's failure to disclose the plumbing upgrades in the Seller's Disclosure where she was asked to disclose "any additions/upgrades to the original [plumbing] service."[19] The Court found that Mrs. Walton clearly knew about the plumbing upgrades as Defendants had contracted for a new full bathroom and kitchenette to be installed in the basement. Mrs. Walton argued that she did not disclose this work because she considered the basement bathroom and kitchenette to be entirely new and separate, rather than "upgrades" to the existing plumbing system.[20] However, the Court did not find this explanation credible.

Because Mrs. Walton's bad faith omission made it much less likely that Plaintiffs would discover the material defects in the plumbing system, the Court found Defendants liable to Plaintiffs for the cost of the plumbing repairs ($1,375).

---

[19] JTE 9, Seller's Disclosure.
[20] TT at 111:11-15.

5

### III. PARTIES' CONTENTIONS

### A. Plaintiffs' Motion for Costs and Attorney's Fees

Plaintiffs argue that they are entitled to costs in the amount of $1,577 and attorney's fees in the amount of $12,972.[21] Plaintiffs argue that as they are the prevailing party, costs and fees are recoverable under Superior Court Civil Rule 54(d), 10 *Del. C.* §5101, and Paragraph 27 of the Parties' Agreement of Sale.[22] Plaintiffs point out that they made a claim for attorney's fees in the Complaint and Pretrial Stipulation.[23] Plaintiffs also say that it is "noteworthy" that an offer of judgment under Rule 68 was not filed.[24]

### B. Defendants' Response in Opposition

Defendants argue that Plaintiff's Motion should be denied and countermove for Defendants' attorney's fees in the amount of $7,420. Defendants first argue that the decision to award costs is a matter of judicial discretion.[25] The Court should examine the reasonableness of the costs as well as what costs could have been avoided.[26] Defendants argue that awarding costs in the amount of $1,577.50 is unreasonable when the award for damages is only $1,374.00.[27]

Second, Defendants argue that attorney's fees "are not generally recoverable unless there is a specific statutory authorization for such an award."[28] Defendants maintain that there are no statutory authorizations for an award of attorney's fees in the instant case. Defendants do not dispute that attorney's fees may also be awarded when there is a contractual provision authorizing the award of attorney's fees. However, Defendants maintain that even when there is

---

[21] Plaintiffs' Motion for Costs and Fees ("Plaintiffs' Motion") at 1.

[22] Plaintiffs' Motion at 1; JTE 8, Agreement of Sale.

[23] Plaintiffs' Motion at 2.

[24] Plaintiffs' Motion at 2.

[25] Defendants' Response to Plaintiffs' Motion for Costs and Fees ("Defendants' Response") at 1.

[26] Defendants' Response at 1-2 (*citing Donovan v. Delaware Water & Air Resources Commission*, 358 A.2d 717 (Del. 1976); *Christiana Marine Service Corp. v. Texaco Fuel & Marine Marketing*, 2004 WL 42611 (Del. Super. Ct. Jan. 8, 2004)).

[27] Defendants' Response at 2.

[28] Defendants' Response at 2 (*citing Stephenson v. Capano Development, Inc.*, 462 A.2d 1069 (Del. 1983)).

such a contractual provision, the Court still has the discretion to determine the reasonableness of the fees.[29] Defendants point out that the Delaware Chancery Court has observed that the idea that "an award of attorney's fees should be reduced to reflect the fact that a party only achieved limited or partial success is not a novel [idea]."[30] Defendants point out that in the instant case all but one of Plaintiffs' claims were rejected by the Court.[31]

Third, Defendants argue courts also consider Rule 1.5 of the Professional Rules of Conduct to determine the reasonableness of an award of attorney's fees.[32] Defendants cited eight factors within Rule 1.5 that at least one court has considered: (1) the time and labor required, (2) the likelihood that the acceptance of the particular case will preclude other employment by the attorney, (3) the fee customarily charged in the locality, (4) the amount involved and the results obtained, (5) the time limitations imposed, (6) the nature and length of the professional relationship, (7) the experience and reputation of the lawyer, and (8) whether the fee is fixed or contingent.[33] Defendants emphasize the fourth factor—the amount involved and the results obtained—and argue that $12,972 in attorney's fees is unreasonable considering that "the amount requested is almost 10 times the Plaintiff's award of $1,374.00."[34]

Finally, Defendants suggest that Plaintiffs' claim that it is "noteworthy" that a Rule 68 offer of judgment was not filed is misleading.[35] Defendants maintain that "[i]t is only noteworthy for the following reason. Plaintiffs demanded $32,000 to settle the case well before trial. The Defendants offered $1,500 in response to that demand. The Plaintiffs were so

---

[29] Defendants' Response at 2 (*citing Fasciana v. Electronic Data Systems Corp.*, 829 A.2d 178, 184 (Del. Ch. 2003)).
[30] *Fasciana*, 829 A.2d at 184.
[31] Defendants' Response at 3.
[32] Defendants' Response at 3 (*citing Cedar Tree Books Ltd. v. Sushi Rock, Inc.*, Judge Paul E. Bilodeau, Court of Common Pleas CPU4-13-002159, decided May 20, 2014).
[33] Defendants' Response at 3 (*citing Cedar Tree*, CPU4-13-002159).
[34] Defendants' Response at 3.
[35] Defendants' Response at 4.

7

confident of their case that they refused to reduce their demand in response to such a low offer. It turned out that the Defendants' 'low offer' was higher than the Plaintiff's recovery."[36]  In light of these alleged facts, Defendants argue that "having successfully defended all but one of Plaintiffs' claims," they are "the successful party" and are entitled to attorney's fees in the amount of $7,420.[37]

### C. Plaintiffs' Reply to Defendants' Response

In their brief September 25, 2014 reply, Plaintiffs argue that Defendants never offered $1,500 to settle the case, and allege that there is "nothing from the record or communications between the parties to support this claim."[38]  Plaintiffs maintain that the only settlement offer was made at mediation before Commissioner Reynolds.[39]  Plaintiffs also argue that Defendants' countermotion for attorney's fees should be denied as Defendants did not make this claim in either Defendants' Answer or in the Pretrial Stipulation.[40]

### D. Defendants' Reply to Plaintiffs' Reply

In their brief October 8, 2014 reply, Defendants explain that they made the offer to settle the case for $1,500 at mediation.  Defendants also suggest Plaintiffs behaved uncooperatively in that, "plaintiffs never reduced their demand during mediation from $32,000, even after receiving the offer of $1,500.  They never offered to settle for less than half of their $32,000 demand."[41]  Defendants do not claim that there ever was a formal offer of settlement under Rule 68.

### IV. LEGAL STANDARD

### A. Costs of Litigation

---

[36] Defendants' Response at 4.
[37] Defendants' Response at 4.
[38] Plaintiffs' Reply to Defendants' Response at 1.
[39] Plaintiffs' Reply to Defendants' Response at 2.
[40] Plaintiffs' Reply to Defendants' Response at 2
[41] Defendants' Second Response at 1.

8

The general rule in Delaware regarding court costs and attorney's fees is articulated in *Casson v. Nationwide Insurance Co.*[42] The court in *Casson* explained that it is well-settled in Delaware that ordinary court costs are usually allowed to a prevailing party.[43] This is the rule that is reflected in 10 *Del. C.* §5101, which provides, "Generally a party for whom final judgment in any civil action, or on a writ of error upon a judgment is given in such action, shall recover, against the adverse party, costs of suit, to be awarded by the court."

However, generally does not mean without exception.[44] As the Delaware Supreme Court has made clear, "there may be circumstances under which costs do not go to the party to whom a final judgment is awarded. Determining when costs are awarded and when they are not is, in [the Court's] judgment, a matter of judicial discretion under the statute."[45] The Court found such a conclusion is consistent with both 10 *Del. C.* §5101 and Superior Court Civil Rule 54(d).[46] Even when costs are awarded "as a matter of course," the court has discretion as to the amount of costs that should be awarded.[47] An important factor to consider is whether the cost reasonably could have been avoided.[48]

### B. Attorney's Fees

Attorney's fees are different. The general rule in Delaware is that attorney's fees are not awarded to the prevailing party.[49] "In an action at law, a court may not order the payment of attorney's fees as part of costs to be paid by the losing party unless the payment of such fees is

---

[42] *Casson v. Nationwide Insurance Co.*, 455 A.2d 361 (Del. Super. Ct.1982).
[43] *Id.* at 369.
[44] *Donovan v. Delaware Water & Air Resources Commission*, 358 A.2d 717, 722 (Del. 1976).
[45] *Id.*
[46] *Id.*
[47] *Christiana Marine Service Corp. v. Texaco Fuel & Marine Marketing*, 2004 WL 42611, at *7 (Del. Super. Ct. Jan. 8, 2004)
[48] *Id.* at *8 (holding that plaintiff was not entitled to *pro hac* admissions fees as these could have been avoided by selecting a Delaware attorney).
[49] *Casson*, 455 A.2d at 369.

9

authorized by some provision of statute or contract."[50]  However, even where there is a statutory or contractual provision authorizing an award of fees, the court may still elect to award fees only in proportion to a party's limited success.[51]  The United States Supreme Court has held that attorney's fees should not be awarded for work related to claims distinct from the claim on which the party was successful.[52]  Even for work related to the successful claim, the court "should award only that amount of fees that is reasonable in relation to the results obtained."[53]

## V. DISCUSSION

### A. Costs of Litigation

Ordinary court costs are awarded to prevailing parties in Delaware as a matter of course. However, this includes only costs that are found to be reasonable.  Costs that were reasonably avoidable may not be awarded.[54]

The Court finds that filing and service fees are necessary costs and awards all filing fees ($375), the trial scheduling fee ($150), and fees for service by the NCC Sheriff ($190).[55] Concerning the deposition transcripts, the trial transcripts, and the trial binders, the Court follows Delaware Supreme Court authority, which holds that the expense of printing the record, including transcripts, "exists only when authorized by statute or rule of court enacted under authority of law."[56]  Under Superior Court Civil Rule 54(f), copies of transcripts of depositions "shall not be taxable costs unless introduced into evidence."  In *Christiana Marine Services*

---

[50] *Id.* at 370.
[51] *Fasciana v. Electronic Data Systems Corp.*, 829 A.2d 178, 185 (Del. Ch. 2003) (*citing Hensley v. Eckerhart*, 461 U.S. 424 (1983)).
[52] *Hensley*, 461 U.S. at 440.
[53] *Id.*
[54] *Christiana Marine Service Corp.*, 2004 WL 42611, at *7.
[55] For a summary of these costs, see Plaintiffs' Motion, Exhibit 1, Slip Listing.
[56] *Peyton v. William C. Peyton Corp.*, 23 Del. Ch. 365, at *91 (1939).

10

*Corp.*, the court interpreted this rule as extending to a deposition video and transcription used by both parties at trial.[57]

In the instant case, there are two deposition transcripts, one for the deposition of Mr. Dreisbach and one for the deposition of Mrs. Walton. Both of these deposition transcripts were relied on by the parties at trial.[58] Thus, the Court awards to Plaintiffs $315.60 for the deposition transcripts. Extending this reasoning just a bit further, both Plaintiffs and Defendants relied on the trial binder (the "Joint Trial Exhibit") at trial. Correspondingly, the Court deems this a necessary cost and awards $120.90 to Plaintiffs for the trial binders. Trial transcripts have been found necessary expenses in the case of an appellate proceeding.[59] In a trial court proceeding, however, transcripts have been found "extremely helpful" but not necessary.[60] For this reason, the Court does not award the cost of trial transcripts to Plaintiffs. In sum, the Court awards $1,151.50 in costs to Plaintiffs.

### B. Plaintiffs' Attorney's Fees

Even when there is a statutory or contractual provision authorizing attorney's fees, fees should only be awarded in proportion to the party's success. The Court finds that Plaintiffs' success in the instant case was limited both in the monetary amount recovered and in the number of claims on which Plaintiffs prevailed. Accordingly, the Court awards attorney's fees to Plaintiffs only in proportion to the limited success Plaintiff achieved.

In *Hensley*, plaintiffs brought a civil rights suit on behalf of all persons involuntarily confined at the forensic unit of a state hospital, challenging the constitutionality of the conditions

---

[57] *Christiana Marine Service Corp.*, 2004 WL 42611, at *8.
[58] For example, Defendants relied on the deposition of Mr. Dreisbach (TT at 78) and Plaintiffs relied on the deposition of Mrs. Walton (TT at 127).
[59] *Peyton,* 23 Del. Ch. 365, at *92 (holding that trial transcripts are necessary in an appellate proceeding to comply with the Rules of the Delaware Supreme Court, which require the parties to bear the cost of a transcript of the record).
[60] *Connolly v. Labowitz*, 1987 WL 28316, at *2 (Del. Super. Ct. Dec. 15, 1987).

and treatment at the hospital.[61] A statutory provision, 42 *U.S.C.* §1988, authorizes the award of attorney's fees in federal civil rights actions. Plaintiffs originally filed a three-count complaint; however, Count II was resolved by a consent decree, and Count III was largely mooted before trial.[62] At trial, violations of patients' constitutional rights were found in five of six general areas of alleged mistreatment.[63] The District Court in *Hensley* awarded attorney's fees, refusing to eliminate from the award hours spent on unsuccessful claims.[64]

The Supreme Court found that the *Hensley* trial court erred in failing to properly consider the relation between the extent of success and the amount of attorney's fees awarded. Awarding attorney's fees is a balancing act; "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation… In these circumstances the fee award should not be reduced simply because the plaintiff has failed to prevail on every contention raised in the lawsuit."[65] However, when "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount."[66] This may be true even when the unsuccessful claims are related to the successful claims, nonfrivolous, and raised in good faith.[67] The Court made clear that "the most critical factor is the degree of success obtained."[68]

In *Fasciana*, the Delaware Chancery Court applied the *Hensley* rule to Delaware law.[69] The plaintiff, who served as outside counsel to the corporate client defendant, brought suit

---

[61] *Hensley*, 461 U.S. at 440.
[62] *Id.* at 426.
[63] *Id.*
[64] *Id.* at 428.
[65] *Id.* at 435.
[66] *Id.* at 436.
[67] *Id.*
[68] *Id.*
[69] *Fasciana,* 829 A.2d 178.

against defendant to obtain advancement of litigation expenses when plaintiff was indicted by a federal grand jury and sued for fraud by the defendant.[70] The plaintiff claimed entitlement under a relevant statutory provision, 8 *Del. C*. §145.[71] The plaintiff won a partial victory, and the corporate client was required to advance only some of the litigation expenses.[72] The plaintiff then filed suit for the expenses he incurred in vindicating his rights to this advancement.[73] The court held that "because of [plaintiff's] very limited success on his advancement claim, [plaintiff] is only entitled to a partial award."[74] Citing *Hensley*, the court reasoned as follows,

> The relief that [plaintiff] received was extremely limited. In this litigation, [plaintiff] sought a complete advancement of his litigation expenses for the criminal action and the civil action. Instead of his requested relief, [the Court] ordered that [plaintiff] receive an advancement to respond to a very narrow subset of the claims brought against him by [corporate client] and the federal government. Put simply, [plaintiff] did not obtain the type of "excellent result" that… would entitle him to "a fully compensatory fee."[75]

The court acknowledged that it was not possible to translate the facts of the case into an award number in a way that is "mathematically precise," and that some of the expenses claimed were general expenses of litigation rather than related to a specific claim; hence it was appropriate for the court to "err towards generosity" in calculating the expenses awarded to plaintiff.[76] Under

---

[70] *Id.* at 180.
[71] *Id.* at 181
[72] *Id.*
[73] *Id.*
[74] *Id.* at 184.
[75] *Id.* at 186.
[76] *Id.* at 188.

the circumstances, the court found that an award of one-third of plaintiff's litigation expenses embodied the requisite generosity.[77]

In the instant case, the Court must first ask whether there is a contractual provision that provides for fee-shifting in the instant action. The Court finds that there is such a provision. Paragraph 27 of the Agreement of Sale executed by the parties provides, "[i]n the event a dispute arises under this Agreement between Seller and Buyer resulting in any litigation, and/or arbitration, Buyer or Seller, whichever is unsuccessful, shall also be liable for the other parties' court costs and attorney's fees."[78] Defendants have not challenged the validity of this contract or this specific contractual provision.

Second, the Court must determine what amount of attorney's fees would be reasonable in light of the degree of success achieved by Plaintiffs. Notably, Defendants have not disputed the reasonableness of the amount of attorney's fees with respect to the legal work performed.[79] Instead, Defendants simply argue that Plaintiffs are not entitled to attorney's fees because Plaintiffs have failed to achieve substantial success in the litigation.

Plaintiffs originally alleged breach of contract, fraud and misrepresentation, negligent fraud, and violation of the covenant of good faith and fair dealing concerning (a) the roof defects, (b) the plumbing defects, (c) the permitting violations, and (d) the fact that the work had not been performed by a contractor licensed in the appropriate county. Plaintiffs claimed for damages in the amount of $20,956.50, which was the amount of the construction work required to fix the defects. At the end of trial, Plaintiffs withdrew their claim for damages relating to the roof

---

[77] *Id.*

[78] JTE 8, Agreement of Sale.

[79] Defendants hint at the argument that Plaintiffs' calculations for the value of the legal work performed may be excessive by stating that the Court should consider what costs could have been avoided. Defendants' Response at 2. However, Defendants do not directly make the claim that the amount in legal fees that Plaintiffs cite is unreasonable. Instead, Defendants focus on the claim that Plaintiffs have not substantially prevailed.

because of the $8,500 credit Plaintiffs had received when the property was purchased.[80] At trial, the Court awarded judgment to Plaintiffs on only one of the remaining claims: breach of the implied covenant of good faith and fair dealing with respect to Mrs. Walton's failure to disclose the plumbing work. Correspondingly, the Court awarded judgment to Plaintiffs only in the amount Plaintiffs paid to fix the plumbing ($1,375).

Concerning the number of claims on which Plaintiffs prevailed, Plaintiffs only prevailed on one claim out of four legal theories (breach of the implied covenant of good faith and fair dealing) in relation to only one out of four factual claims of damages (the plumbing problems). Concerning the monetary amount of recovery, Plaintiffs recovered only $1,375 in damages, which is less than 7% of the total damages Plaintiffs originally alleged ($20,956.50).

Under these circumstances, the Court finds that Plaintiffs did not achieve the sort of "excellent result" that occasions a full award of all attorney's fees. It is clear to the Court that an award on only one narrow claim for less than 7% of the monetary damages requested does not qualify as substantial success. Nonetheless, the Court is cognizant that the size of Plaintiffs' narrow victory cannot be quantified with mathematical precision, and that many of the costs incurred by Plaintiffs' attorneys may be general costs of litigation that are not tied to a specific claim. All things considered, the Court awards legal fees to Plaintiffs in the amount of $1,250.00.

### C. Rule 68 Issue

Delaware's Rule 68 provides that "[a]t any time more than 10 days before the trial begins a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the

---

[80] TT at 137-1-11.

offer, with costs then accrued… If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the cost incurred after the making of the offer."[81]

In explaining Federal Rule 68, after which Delaware's rule is patterned, the United States Supreme Court made clear that "Rule 68 imposes a special burden on the plaintiff to whom a formal settlement offer is made. If a plaintiff rejects a Rule 68 settlement offer, he will lose some of the benefits of victory if his recovery is less than the offer."[82]

In the instant case, Defendants contend that they made an offer to settle the case for $1,500 during mediation.[83] Plaintiffs deny that any such offer was ever made.[84] There is no evidence that a formal settlement offer was ever put in writing or filed with the Court. The Court anticipates that offers and counteroffers will be made during the course of mediation, but an offer made during the course of mediation is not a binding offer under Rule 68.[85] The Court finds there was no qualifying settlement offer such as would invoke Rule 68.

### D. Defendants' Attorney's Fees

Plaintiffs argue that Defendants' Motion should be denied because Defendants failed to assert these claims in the Answer or Pretrial Stipulation.[86] Hence, Plaintiffs maintain that these claims have been waived. While Delaware has not explicitly addressed the timing of a motion for attorney's fees, Rule 54 allows a motion for costs to be made up to 10 days after final judgment.[87] Given the similarities between costs and attorney's fees, as both are claims arising from the litigation itself, rather than preexisting claims that gave rise to the litigation, the Court

---

[81] Del. Super. Ct. R. 68.
[82] *Napolski v. Davis*. 734 A.2d 637, 638 (Del. Super. Ct. 1999) (*quoting Delta Air Lines, Inc. v. August*, 450 U.S. 346 (1981)).
[83] Defendants' Response at 4; Defendants' Second Response at 1.
[84] Plaintiffs' Reply to Defendants' Response at 1.
[85] *Ceccola v. State Farm Mut. Auto. Ins. Co*., 58 A.3d 982, at *1 (Del. 2012) (finding that a Rule 68 offer must be filed with the court); *Dean-Seeney v. State Farm Mut. Auto. Ins. Co.*, 2007 WL 3380119, at *2 (Del. Super. Ct. Apr. 19, 2007) (finding that an oral offer at mediation does not qualify as a written settlement offer).
[86] Plaintiffs' Reply to Defendants' Response at 2.
[87] Del. Super. Ct. R. 54(d).

finds it reasonable to hold that attorney's fees, like costs, need not be pled in the original pleadings. Other jurisdictions have found that claims for attorney's fees are not ordinary claims and hence are not barred if not asserted as counterclaims.[88] Some jurisdictions, however, have held that claims for fees must be asserted before there is a signed final judgment.[89] Nonetheless, the Court finds that the issue of timing need not be addressed as Defendants' Motion for attorney's fees must be denied on independent grounds.

The language of Rule 54 suggests that there can be only one prevailing party for the purposes of costs. The rule refers to "the prevailing party", using the singular definite article.[90] Although Delaware courts do not customarily award attorney's fees, fees are awarded along with costs when authorized by statute or contract. In this case, there is a contract, which provides, "[i]n the event a dispute arises under this Agreement between Seller and Buyer resulting in any litigation, and/or arbitration, Buyer or Seller, whichever is unsuccessful, shall also be liable for the other parties' court costs and attorney's fees."[91] Like Rule 54, the language of the contract appears to contemplate a single prevailing party. The contract explicitly mentions "Buyer" and "Seller," and states that "whichever [of these two parties] is unsuccessful" shall be responsible for the costs and fees of the other. Further, while Delaware courts have not explicitly addressed this issue, the consensus in other jurisdictions is clearly that there can be only one prevailing party with respect to costs and fees.[92] The only possible exception that has been found is when

---

[88] *Cheek v. McGowan Electric Supply Co.*, 511 So. 2d 977, 979 (Fla. 1987); *T & G Aviation, Inc. v. Footh*, 792 P.2d 671, 672 (Alaska 1990) (upholding award of attorney fees where motion was filed for first time seventy days after entry of judgment);

[89] *See, e.g., Meadowbrook, LLC v. Flower*, 959 P.2d 115, 119-20 (Utah 1998) (holding "a prevailing party that files a motion for attorney fees before signed entry of final judgment or order does not waive its claim to such fees, unless otherwise provided by statute or unless it fails to comply with the court's order to address the issue at a specific time").

[90] Del. Super. Ct. R. 54(d).

[91] JTE 8, Agreement of Sale.

[92] *See, e.g., Oregon Bank v. RSG Forest Products, Inc.*, 872 F.2d 429, *5 (9th Cir. 1989); *Shum v. Intel Corp.*, 629 F.3d 1360, 1363 (Fed. Cir. 2010) (holding that "even in a mixed judgment case… Rule 54 does not allow every

"in the same lawsuit there are separate and distinct claims[,] which would support independent actions."[93] But that is not the case here. In the instant case, the Court finds all of the claims substantially related; all of the claims concerned defects with Property that Mrs. Walton alleged failed to reveal in the Seller's Disclosure.

Because there can be only one prevailing party in a single action, absent distinct claims, and because the Court has found for Plaintiff, albeit in a limited victory, Defendants' Motion for Attorney's Fees is **DENIED**.


## VI. CONCLUSION

For the foregoing reasons, the Court finds Defendants liable to Plaintiffs in the amount of $1,151.50 in costs and in the amount of $1,250.00 in attorney's fees.


**IT IS SO ORDERED.**


_____/s/_____

**M. JANE BRADY**
Superior Court Judge

---

party that won on some claims to be deemed a 'prevailing party.' For the purposes of costs and fees, there can be only one winner. A court must choose one, and only one, 'prevailing party' to receive any costs award").
[93] *Green Companies, Inc. v. Kendall Racquetball Investment, Ltd.*, 658 So.2d 1119, 1121 (Fla. 3d DCA 1995) (citations omitted).